(140 App. Div. 232.)

SEIDENBURG v. PESCE et al.

(Supreme Court, Appellate Division, Second Department. October 20, 1910.)

Process (§ 96*)—Service by Publication—Affidavit for Order.

    Under Code Civ. Proc. § 439, requiring proof by affidavit, on application for an order for publication of a summons on the ground that a defendant is a nonresident of the state, "that plaintiff has been or will be unable, with due diligence, to make personal service of the summons," the affidavit merely showing that a defendant is a nonresident, and not indicating any effort to serve him in the state, is insufficient, especially where indicating that he is a resident of a neighboring state, and visits plaintiff at his home in the state.

    [Ed. Note.—For other cases, see Process, Cent. Dig. §§ 108–120; Dec. Dig. § 96.*]

Appeal from Kings County Court.

Action by Henry C. Seidenburg against Albert M. Pesce and others. From an order denying a motion to require a purchaser of real estate to complete his purchase, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, BURR, and THOMAS, JJ.

James D. Clifford, for appellant.
Anthony F. Tuozzo, for respondents.

HIRSCHBERG, P. J. The order appealed from was granted because of the alleged insufficiency of an affidavit on which an order of publication was issued in a partition suit, the judgment in which affected the title to the premises purchased under foreclosure in this action. The criticism as to the affidavit was that, while it stated that certain defendants were nonresidents of the state of New York, there was no suggestion that any effort had been made to serve them in this state, and therefore that there was nothing but the fact of their non-

---

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

residence to indicate that they could not have been found with due diligence in this state.

There can be no doubt about the insufficiency of the affidavit. It was made by the plaintiff in the partition suit. He states that certain defendants, whom he names, are nonresidents of the state of New York, some of them residing in Queens county and some in Kings county, Ireland. He alleges that he has never visited them, and that none of them has ever visited him in this country, but that he has corresponded with them, receiving occasional answers postmarked at the foreign counties, and that letters addressed by him to them at their foreign residences have never been returned. He adds that another defendant, whom he names, is a resident of Elizabethport, in the state of New Jersey, and has visited him several times at his Brooklyn home, and that correspondence passes between them addressed, respectively, to his and to her residences. There is no statement or suggestion, however, that she was not in the state of New York at the time the affidavit was made, or could not be found here in the exercise of due diligence.

Section 439 of the Code of Civil Procedure expressly provides that, where the application for an order for the publication of a summons is made upon the ground that a defendant is a nonresident of this state, there must be proof by affidavit "that the plaintiff has been or will be unable, with due diligence, to make personal service of the summons." The appellant relies chiefly upon the case of McLaughlin v. McCann, 123 App. Div. 67, 107 N. Y. Supp. 762; but that case is not an authority requiring the reversal of the order herein. What was decided in that case was that an order, which denied an application to be relieved from completing a purchase because of the insufficiency of an affidavit on which an order of publication of the summons was granted, should be reversed and the motion granted for such relief. While some expressions in the opinion might possibly be regarded as supporting the plaintiff's contention herein, it is the decision only which is controlling. It was not necessary in that case to decide that the mere fact of residence by a defendant in a distant state was proof that he could not be found with due diligence in this state. Moreover, the learned justice in the opinion therein, referring to the defendant residing in the distant state, said (page 70 of 123 App. Div., page 764 of 107 N. Y. Supp.):

"The case would be different if she resided in New Jersey, where she might be of the many thousands who come daily to New York City, where they do business or work, and proof that she did not come to the state frequently would be necessary."

As one of the defendants in the case at bar resides in the state of New Jersey, and the affidavit states that she visits the plaintiff at his Brooklyn home, the inference is stronger than otherwise that personal service could be made in this state.

In Bixby v. Smith, 3 Hun, 60, it was held that, where the defendant resided in the state of Alabama, it is necessary to show facts establishing that he could not, with due diligence, be found and served in this state. In Carleton v. Carleton, 85 N. Y. 313, the Court of Appeals held that, where the defendant resided in the distant state of Califor-

nia, an affidavit was not sufficient to authorize an order for publication which did not show facts tending to establish that he could not after due diligence be found in this state.

In Kennedy v. N. Y. L. Ins. & Trust Co., 101 N. Y. 487, 5 N. E. 774, the affidavit was held sufficient where it stated in the precise language of the Code that the defendants "cannot, after due diligence, be found within this state," and "that the summons herein was duly issued for said defendants, but cannot be served personally upon them by reason of such nonresidence." The court, the same judge writing the opinion, distinguished the case from that of Carleton v. Carleton, supra, and held that the statement as to due diligence is not absolutely an allegation of a conclusion of law, or an opinion, but might be regarded, in connection with the fact of nonresidence, as a statement tending to establish that due diligence had been used without effect.

In the recent case of McCracken v. Flanagan, 127 N. Y. 493, 28 N. E. 385, 24 Am. St. Rep. 481, it was expressly held that an affidavit limited to a positive statement that the defendant was a nonresident of the state and could not be found therein was insufficient to give jurisdiction, without proof of the exercise of due diligence and failure to find him thereupon.

The order should be affirmed. All concur.

