## BLUTE v. FELLOWES.

(Supreme Court, Appellate Division, Third Department. March 8, 1911.)

PROCESS (§ 96*)—AFFIDAVITS FOR PUBLICATION—SUFFICIENCY.

    Code Civ. Proc. § 438, declares that summons by publication may be had where, after diligent inquiry, plaintiff is unable to ascertain whether defendant is a resident of the state. Affidavits for service by publication, made by persons other than plaintiff, alleged that defendant had left the state, and that plaintiff had been unable with due diligence to make personal service of summons upon him, but contained no averment that defendant was not a resident of the state, or that plaintiff had made inquiry to ascertain where defendant resided, or that plaintiff did not know, and could not ascertain by inquiry, whether he was a resident of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the state. *Held*, that the affidavits were insufficient to give the justice jurisdiction, and a recital of jurisdictional facts in the order of publication, based alone on the affidavits, did not cure the defect.

[Ed. Note.—For other cases, see Process, Cent. Dig. §§ 108–120; Dec. Dig. § 96.*]

Appeal from Special Term, Saratoga County.

Action by James Blute against Cornelius C. Fellowes. From an order of the Special Term of the Supreme Court, denying a motion to vacate and set aside an order of publication, defendant appeals. Reversed.

Argued before SMITH, P. J., and KELLOGG, SEWELL, BETTS, and HOUGHTON, JJ.

Geo. R. Salisbury, for appellant.
James A. Leary, for respondent.

SEWELL, J. The order of publication recited that it appeared to the satisfaction of the justice that the defendant could not be found within the state of New York, and has left the said state with intent to defraud his creditors and to avoid the service of a summons; and that he was not a resident of the state, and that personal service of the summons could not, with due diligence, be made on defendant within this state.

It appeared by the affidavits upon which the order was obtained that the defendant had left the state, and that the plaintiff had been unable, with due diligence, to make personal service of the summons upon him; but they did not make it appear whether the defendant was or was not a resident of the state, and there was no statement of fact therein which tended to prove that the defendant had left the state with intent to defraud his creditors or to avoid the service of a summons. The mere statement of these things in the language of the statute was not proof of them, nor evidence. They were conclusions for the judge to find.

The order was sustained by the court at Special Term, upon the ground that the affidavits were sufficient to make out a case within that provision of section 438 of the Code of Civil Procedure which declares that an order directing the service of a summons upon a defendant, by publication, may be made where after diligent inquiry the plaintiff is unable to ascertain whether the defendant is or is not a resident of the state. There was no affidavit by the plaintiff, and no reason was stated why he did not make one. There was no proof by affidavit of any inquiry by the plaintiff to ascertain where the defendant resided. No fact was stated tending to show that the plaintiff did not know where the defendant resided, or was unable to ascertain by inquiry whether the defendant was or was not a resident of the state. The affidavits disclosed no effort to ascertain the residence of the defendant by the plaintiff or any other person.

It is also to be observed that there was nothing in the order to indicate that the justice passed upon the question whether the plaintiff,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

after diligent inquiry, was unable to ascertain whether the defendant was or was not a resident of the state.

We are, therefore, brought to the conclusion that the facts sworn to were insufficient to give the justice jurisdiction, and that the order appealed from should be reversed, with $10 costs and disbursements, and the motion to vacate granted, with $10 costs. All concur.