PARTENFELDER v. PEOPLE et al.

(Supreme Court, Appellate Division, Second Department. June 13, 1913.)

1. RECORDS (§ 9*)—REGISTRATION OF TITLES TO LAND—PLEADINGS—JUDGMENTS.

Under Real Property Law (Consol. Laws 1909, c. 50) § 371, and section 385, as amended by Laws 1910, c. 627, providing that the issues in a proceeding to register title to real estate shall be tried either at the Special Term or under certain conditions by a jury, and that on the issuance of the summons the court's jurisdiction shall be the same as in

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

an action in the Supreme Court, and the action shall be governed by the laws and rules of court relative to such an action, etc., a motion by an applicant for the registration of title for judgment registering title, made after a third person made a party defendant filed an answer disclosing that others have an interest in the property, and denying that the applicant is the owner in fee simple, the motion being based on orders for the issuance of the summons and service thereof, an affidavit that no previous application has been made, an examiner's certificate of title with a summary statement of the returns on searches made in various offices, an affidavit of the official examiner that he has made the certificate, and that it is true, affidavits of the applicant relating to the ownership of adjacent premises, the payment of a mortgage referred to in the examiner's certificate and to the applicant's possession of the premises, an affidavit of publication of summons and notice of object of action, the answer of the defendant, and an affidavit of the attorney for the applicant containing a history of the proceedings in the action, cannot be sustained as an application for judgment on a frivolous answer within Code Civ. Proc. § 537, since such an application must be determined by an inspection of the pleading alone, and since the practice of interposing affidavits for or against the pleading cannot be sanctioned.

[Ed. Note.—For other cases, see Records, Dec. Dig. § 9.*]

2. RECORDS (§ 9*)—REGISTRATION OF TITLES TO LAND—PLEADINGS.

The motion cannot be sustained under Code Civ. Proc. § 547, providing that, where either party is entitled to judgment on the pleadings, the court may on motion after issue joined give judgment accordingly.

[Ed. Note.—For other cases, see Records, Dec. Dig. § 9.*]

3. RECORDS (§ 9*)—REGISTRATION OF TITLE TO LAND.

Under Real Property Law (Consol. Laws 1909, c. 50) § 379, as amended by Laws 1910, c. 627, requiring that the complaint and summons in an action to register title to land shall name as parties to the action all persons having or claiming any interest in or lien on the property as shown by the examiner's certificate of title, and that the complaint must contain the names and post office addresses of defendants as far as known, and a description of those whose names are unknown, as prescribed by Code Civ. Proc. § 451, the summons and complaint must name or describe the persons who, according to the examiner's certificate, may possibly have an interest, and a summons and complaint which do not name or describe persons named in the examiner's certificate, and do not state facts respecting their existence or nonexistence, or any fact showing any effort to obtain information as to them, are insufficient, though the complaint alleges that there are no other persons than those named therein who have any interest in the property, except as hereinafter stated, and that after diligent inquiry the other persons remain unknown to plaintiff who is unable to ascertain whether any of them are or are not residents of the state, and though the examiner's certificate states that the title to the property sought to be regisered is in plaintiff.

[Ed. Note.—For other cases, see Records, Dec. Dig. § 9.*]

4. RECORDS (§ 9*)—REGISTERING TITLE TO LAND—EXAMINER'S CERTIFICATE.

The statement in the examiner's certificate of title in an action to register title to land that the title is vested in plaintiff is a mere expression of opinion and not a statement of fact, especially where statements of fact therein disclose that other persons possibly have an interest in the property and such other persons must be made parties.

[Ed. Note.—For other cases, see Records, Dec. Dig. § 9.*]

5. RECORDS (§ 9*)—REGISTERING TITLE TO LAND—ACTIONS—JURISDICTION OF COURT.

Under Real Property Law (Consol. Laws 1909, c. 50) §§ 380, 385, as amended by Laws 1910, c. 627, providing that the examiner's certificate in an action to register title shall state what efforts have been made to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

find possible claimants so as to satisfy the court that all claimants are named and made parties, and that on the complaint and papers filed the court shall determine whether plaintiff appears to have a title that should be registered, and that, when it is satisfied that plaintiff has a title, it shall direct that the action be commenced, the duty of the court in determining whether plaintiff has a title that should be registered is not perfunctory, and it may not rely on the conclusions of the official examiner, but to give it authority facts must be stated explicitly, and, before authorizing commencement of the action, the court must see to it that every possible claimant whose name and address are known or ascertainable, and every class of claimants whose names are unknown, but who can be described, shall be named in the complaint and summons, or properly designated therein, and shall be served with summons, unless it is satisfied by proof that plaintiff will be unable to make personal service.

[Ed. Note.—For other cases, see Records, Dec. Dig. § 9.*]

6. RECORDS (§ 9*)—REGISTRATION OF TITLE TO LAND—STATUTORY PROVISIONS.

The purpose of Real Property Law (Consol. Laws 1909, c. 50), as amended by Laws 1910, c. 627, relating to registration of title to real property, is not to permit the registration of imperfect titles, but the court must see to it that no judgment of registration is made unless satisfied that the title to be registered is free from reasonable doubt and unless it examines the examiner's certificate, abstract, and accompanying affidavits, and sees from the facts, not only that plaintiff has title free from reasonable doubt, but that every person who may have any interest therein is specifically named as a party defendant. It is without jurisdiction to direct the commencement of an action.

[Ed. Note.—For other cases, see Records, Dec. Dig. § 9.*]

7. RECORDS (§ 9*)—REGISTRATION OF TITLE TO LAND—FINDINGS—CONCLUSIVENESS.

Notwithstanding Real Property Law (Consol. Laws 1909, c. 50) § 380, as amended by Laws 1910, c. 627, providing that the question of the sufficiency of the proof that all claimants are made parties to an action to register title shall be for the court, and that its decision that the proof is sufficient shall be shown by an order for the commencement of the action, and the decision shall not be drawn in question after six months from the time when the final judgment is entered, an order made by the court permitting the commencement of an action and the issuance of a summons is not conclusive on appeal from a final judgment registering title.

[Ed. Note.—For other cases, see Records, Dec. Dig. § 9.*]

8. JUDGMENT (§ 498*)—COLLATERAL ATTACK—JURISDICTION—DETERMINATION OF FACTS.

Where there is evidence on which the court may find that it has jurisdiction, it may take jurisdiction, though its decision on the evidence is erroneous; but, where there is no evidence on which to base a judicial determination, it has no jurisdiction, and its order is absolutely void.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 939; Dec. Dig. § 498.*]

9. RECORDS (§ 9*)—REGISTRATION OF TITLES TO LAND—JURISDICTION—FINDINGS.

Where the official examiner in an action to register title to real estate declares on information and belief that the whereabouts of persons possibly interested in the property cannot be ascertained, and that it cannot be ascertained whether they are alive, but there is no suggestion as to the sources of his information, or the grounds of his belief, nor any fact from which the court can determine that the persons are not living, and within the jurisdiction of the court, the court has no jurisdiction to order the issuance of a summons in which the persons are not

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

specifically named or appropriately described, and an order and subsequent proceedings thereto are void.

[Ed. Note.—For other cases, see Records, Dec. Dig. § 9.*]

Appeal from Special Term, Kings County.

Application by Adam Partenfelder against the People of the State of New York and others to register title to land, in which Realty Associates, a domestic corporation, was made a party defendant. From a judgment and from an amended judgment for plaintiff, the Realty Associates appeal. Reversed, and proceedings dismissed, with costs.

For memorandum decision denying certain motions, see 142 N. Y. Supp. 1133.

See, also, 148 App. Div. 921, 132 N. Y. Supp. 1140.

Argued before JENKS, P. J., and BURR, CARR, RICH, and STAPLETON, JJ.

William Bell Wait, Jr., of New York City (Henry Crofut White, of New York City, with him on the brief), for appellant.

Gilbert Ray Hawes, of New York City, for respondent.

BURR, J. This is an appeal from a judgment of the Special Term of the Supreme Court registering the title of Adam Partenfelder to certain real property situated on the southeasterly side of Van Brunt street in the borough of Brooklyn. In the proceeding as originally brought the only defendant specifically named was the people of the state of New York. In addition there was a general clause describing as defendants "all other persons, if any, having any right or interest in or lien upon the property affected by this action, or any part thereof." Subsequently, by an order of the Special Term of this court, the Realty Associates, a domestic corporation, was made a party defendant. The propriety of the appearance of this defendant has been considered, and the order of the Special Term determining that it was a proper party to this proceeding has been affirmed. Partenfelder v. People, 148 App. Div. 921, 132 N. Y. Supp. 1140. The complaint alleged, among other things, that plaintiff was the owner in fee simple absolute of the property described by virtue of a deed to him, made in 1879 by Edward Long and Ellen his wife, and also by adverse possession for over thirty years. Defendant interposed an answer which generally denied substantially all of the allegations of the complaint, and particularly that plaintiff was the owner in fee simple absolute of said premises, either by virtue of the deed above referred to, by adverse possession, or otherwise. It specifically alleged facts from which it would appear that William L. Haskins, the Red Hook Building Company, John Long, Ellen Welsh, Margaret Long, and James Long, or their heirs at law or successors in interest, had or might have some interest in or lien upon the property sought to be registered or some part thereof. It further alleged that as to a small strip of ground on the westerly side of said premises the same was subject to an easement in favor of the owner of the adjoining property, and that defendant had a lien thereon by way of mortgage. Various other defects in said title were specifically alleged, none of which it is necessary for

us to consider at the present time. Thereafter plaintiff made a motion at a Special Term of this court for "final judgment and decree confirming the title of plaintiff to the premises described in the complaint, as an estate in fee simple absolute, in accordance with the report of the Official Examiner, annexed to the complaint." This motion was based upon the following papers: An order for the issuance of a summons directed to the people of the state of New York, and "all other persons, if any, who have any right or interest in or lien upon the property affected by this action or any part thereof"; an order directing that service of said summons and a notice of the object of the action be made by publication thereof once a week for four successive weeks in the New York Law Journal; an affidavit that no previous application had been made for the issuance, service, and publication of the summons and complaint; an examiner's certificate of title, with a paper attached thereto, termed Exhibit A, which purports to contain a summary statement of the returns upon certain searches made in various offices; an affidavit of the official examiner to the effect that he has personally examined the title and made the said certificate, and that the statements contained in said certificate are true in every particular to the best of his knowledge and belief; three affidavits of the plaintiff, one relating to the names of owners of adjoining premises, one relating to the payment of a mortgage referred to in the examiner's certificate, and one relating to his possession of the premises; a copy of a survey, verified as to its correctness by a city surveyor; an affidavit of publication of the summons and notice of object of action; the amended answer of defendant Realty Associates; and an affidavit of the attorney for plaintiff, which contained a history of the proceedings in the action, and was among other things intended to be used as a basis for an application for an extra allowance in addition to costs. When the matter came on for a hearing, said defendant demanded that the ordinary rules of evidence should apply to the matters controverted by the answer in this action. Not only was this demand ignored, but, without taking any proof or making any decision containing either findings of fact or conclusions of law, the court proceeded as if on a motion for judgment on the pleadings to direct final judgment, registering plaintiff's title as one in fee simple absolute, subject to an encroachment on the west and also on the south, the extent of which encroachment in neither case is accurately defined. From this judgment defendant Realty Associates appeals. We think that the judgment must be reversed.

[1, 2] First. Defendant was entitled to a trial of the issues. The Real Property Law (Consol. Laws 1909, c. 50) contains no express provision relating to the method of the trial of issues in such a proceeding as this, except that they must be tried either at a Special Term of this court or under certain conditions by a jury (Idem, § 371), nor does it in precise words authorize any summary motion for judgment on the pleadings. It does contain a general provision that:

"Upon and after the issuance of the summons, the court's jurisdiction shall be the same as in an action in the Supreme Court in which no order for the commencement of the action is required; and the action shall be governed by,

and shall proceed according to, the laws of this state and the rules of court, relative to such an action, so far as the same are not expressly abrogated or modified by this article." Section 385, as amended by Laws 1910, c. 627.

The application here made cannot be sustained as an application for judgment upon the answer as frivolous (Code Civ. Proc. § 537), nor. does the notice of motion seek relief upon that ground. Such an application must be determined by an inspection of the pleading alone, argument to demonstrate the insufficiency of the pleading must be unnecessary, and the practice of interposing affidavits for or against the pleading cannot be sanctioned. Dancel v. Goodyear Shoe Machinery Co., 67 App. Div. 498, 73 N. Y. Supp. 875. Neither can it be sustained as an application for judgment on the pleadings. Code Civ. Proc. § 547. Such motion cannot be granted at plaintiff's instance where the answer raises any material issue of fact as to which evidence must be taken to warrant a judgment, and on such a motion nothing but the pleadings can be considered. Godwin v. Liberty-Nassau Building Co., 144 App. Div. 164, 128 N. Y. Supp. 791.

[3-6] Second. The difficulty in the way of sustaining this judgment is far graver than that which arises in connection with the practice pursued. The papers and proceedings upon which is based the order directing that the action to register such title should be commenced, and authorizing the issuance of the summons in the form adopted and allowing its service by publication, are fatally defective, and the court did not acquire jurisdiction to make the same. The examiner's certificate of title shows, among other things, that in 1837 a conveyance was made to one William L. Haskins, which purported to convey, with other property, two undivided third parts of the premises in question. The next instrument in the chain of title set forth in said certificate is a conveyance by Cyrus P. Smith, Master in Chancery, to John Dikeman of the entire premises. This conveyance, made in 1840, contains a recital of a decree of the Court of Chancery, but there is nothing to show the nature of said action, the jurisdiction of · the court over the subject-matter thereof, or of the parties defendant therein, and, so far as does appear, Haskins was not a party to such action, nor is there anything to indicate how, if at all, the interest of Haskins or of those claiming under him a vested in him by the deed above recited, was divested, if at all. The said certificate further shows that in 1854 John Dikeman purported to convey the premises in question to John Long. This conveyance was made upon an express condition (not a covenant) as to the location and character of the buildings to be erected thereon. There is nothing to indicate that this condition has ever been released by the grantor or his heirs or successors in interest.

The next instrument referred to in the examiner's certificate of title is a deed made in 1864 from Ellen Long and Margaret Long to Edward Long. There is no evidence of John Long's death, testate or intestate, nor as to his heirs at law, other than a recital in said deed that he had died intestate seised of the lot in question, leaving the parties grantors and grantee, together with one Daniel B. Long, his only heirs at law. In October of the same year it appears that a quit-

claim deed was executed from Daniel B. Long to Edward Long. The certificate of title also shows that in 1875 Edward Long executed a deed purporting to convey the premises in question to Ellen Welsh, Margaret Long, and James Long, reserving to himself a life estate in said premises. The habendum in said deed is to the parties of the second part "as tenants in common during their respective lives and at the death of either of them to the said James Long his heirs and assigns as to the share or undivided half of the one so dying to his and their own proper use, benefit and behoof forever." The concluding deed recited in said certificate is a deed from Edward Long and wife to the plaintiff. There is nothing to indicate how the title of Ellen Welsh, Margaret Long, and James Long to said premises was divested, if at all. From the facts stated in said certificate it would appear affirmatively that plaintiff, so far from having an estate in fee simple in said premises, had at the most only an estate for the life of Edward Long, and that several other persons had or might have some interest therein. The Real Property Law (Consolidated Laws, c. 50 [Laws 1909, c. 52] § 379, as amended Laws 1910, c. 627) requires that the complaint and the summons shall "name as parties to the action all persons having or claiming any right or interest in or lien upon the property, or any part thereof, as shown by the examiner's certificate of title." It further requires that the complaint shall contain, in addition to other proper allegations, "the names and post office addresses of the defendants (and whether or not any of them are infants or otherwise incapacitated) as far as known or reasonably ascertainable; (and) a description of those whose names are unknown, as prescribed by section four hundred and fifty-one of the Code of Civil Procedure." This is such a description as will identify the defendants intended, but not specifically named. If there are any other possible owners and claimants of the property, or of any right or interest in or lien upon the property or any part thereof, then and then only may these defendants be described by the general clause "all other persons, if any, having any right or interest in, or lien upon, the property affected by this action, or any part thereof." Id. §§ 379, 380. From the examiner's certificate of title, it appears affirmatively that at least these persons should have been specifically named or else described as required by section 451 of the Code, as parties defendant in the complaint and the summons: William L. Haskins or his heirs at law or successors in interest, John Dikeman or his heirs at law or successors in interest, John Long or his heirs at law or successors in interest, Ellen Welsh, Margaret Long, and John Long. Not only were none of these persons named or described in the summons and complaint, but there is not a single fact stated respecting their existence or nonexistence, nor any fact showing the slightest effort to obtain information respecting them. It is true that the complaint contains an allegation:

"That there are no other persons in existence, except as hereinafter stated, who own or claim or may claim said property or have, or claim, or may have or claim any right or interest in or lien upon the same or any part thereof."

There is nothing "hereinafter stated" except that any possible owner or claimant is designated under the general words above referred to.

and "that after diligent inquiry they remain unknown to the plaintiff and the plaintiff is unable to ascertain whether any of them are, or are not, residents of this state." These are not statements of a fact, but a conclusion of law. It is not contained in the examiner's certificate of title, and the conclusion is contradicted by the statements therein contained, which is made a part of said complaint. The examiner certifies, it is true, that the title to the property in question is vested in plaintiff, but this is a mere expression of opinion, and not the statement of a fact. The statements of fact therein contained are to the contrary. The Real Property Law requires that after specifically naming or describing as defendants those persons above referred to, as to actual or possible owners or claimants of the property sought to be registered, not known or not found, the examiner's certificate "shall state fully what search and efforts have been made to find them" (section 380), and "by the statements of fact contained in said certificate of title, or by separate accompanying affidavits, or by any other or additional evidence, if necessary, stating the facts, or by any or all of these, sufficient facts must be shown to satisfy the court that all owners and claimants of the property sought to be registered, or of any right or interest in or lien upon the same or any part thereof, who could be found by diligent inquiry are duly and specifically named and made parties to the action." Id. § 380. The duty of the court at this stage of the proceeding is not perfunctory. It is not justified in relying upon the conclusions of the official examiner with respect to these matters. (Id. § 385). To give the court authority to act, facts must be stated clearly, definitely, and explicitly, and not inferences, conclusions, or opinions. It is particularly important that, before authorizing the commencement of an action, the court should see to it that every possible owner or claimant to the property, whose name and address are known or readily ascertainable, and every such class of owners or claimants whose names are unknown but who can be described and designated, shall be specifically named in the complaint and the summons, or properly designated therein, and shall be personally served with said summons, unless the court is satisfied by proof of the facts that the plaintiff has been or will be unable with due diligence to make personal service thereof. Id. § 385. A reason for the greatest caution at this stage of the proceeding arises from the fact that under our statute the official examiner is not an impartial officer of the court, as is the case in some other jurisdictions, but is in every instance the employé of the party seeking registration of his title. The purpose of this act is not to permit the registration of defective or imperfect titles. On the contrary, it is made the duty of the court to see to it that no judgment of registration shall be made unless the court is satisfied that the title to be registered shall be "free from reasonable doubt." Id. § 391. A most onerous and responsible duty is imposed upon the court at the very threshold of the proceedings to carefully and critically examine the certificate, the abstract and the accompanying affidavits, and to see to it that assuming all of the facts therein stated (as distinguished from mere conclusions, inferences, and opinions) to be true, not only does the applicant appear to

have a title free from reasonable doubt, but that every person who might have any right or interest therein or lien thereon is specifically named as a party defendant, if such name is known or can be ascertained. Unless this is done, the court is without jurisdiction to direct that an action to register such title shall be commenced, or to authorize the issuing or service of a summons therein.

[7] But it may be urged that "the question of the sufficiency of the proof that all such owners and claimants who can be found by diligent inquiry are duly and specifically named and made parties to the action shall be for the court," and that "its decision that such proof is sufficient shall be shown by its making the order for the service of the summons and the commencement of the action as prescribed in this article, and such decision or order shall not be drawn in question after six months from the time when the final judgment in the action is entered." Id. § 380. As an order was made by the court permitting the commencement of the action and the issuance of the summons in the form above described, and as final judgment was entered on May 6, 1912, is this question longer open for discussion? This contention is sufficiently answered when we say that of necessity this statute of repose can have no application to a case where plaintiff's right to registration is contested, and where a final judgment in his favor is before this court for review.

[8] But beyond that there is a distinction between a case where there is some evidence upon which the court may act, although as to the weight and sufficiency of it minds may differ, and a case where there is absolutely no evidence upon which to base judicial determination. In the former case the court might have jurisdiction, though its decision upon the facts might be erroneous. In the latter case it has no jurisdiction, and its order is absolutely void. Kennedy v. Lamb, 182 N. Y. 228, 74 N. E. 834, 108 Am. St. Rep. 800; McCracken v. Flanagan, 127 N. Y. 493, 28 N. E. 385, 24 Am. St. Rep. 481; Seidenburg v. Pesce, 140 App. Div. 232, 125 N. Y. Supp. 107; Blute v. Fellowes, 143 App. Div. 825, 128 N. Y. Supp. 18.

[9] The papers upon which the order directing the commencement of this action and the issuance of the summons was based, although affirmatively showing persons who are necessary and proper persons to be specifically named in the complaint and in the said summons, is absolutely silent as to any effort made to ascertain anything with regard to either of these persons, with the exception of Edward Long, Margaret Long, James Long, and Ellen Welsh. As to these the statement of the official examiner is as follows:

"Edward Long * * * granted life estates to Ellen Welsh and Margaret Long, with the remainder to James Long, and retained a life estate to himself. We find, further, that notwithstanding the above Edward Long and his wife made a conveyance of said property to Adam Partenfelder by deed recorded in liber 1356, at page 501, on May 31, 1879. On information and belief I am satisfied that the whereabouts of Edward Long, Margaret Long, James Long, and Ellen Welsh cannot be ascertained, nor in fact can it be ascertained whether either of them is still alive."

There is no suggestion as to the sources of his information, the grounds of his belief, nor any fact from which a court could deter-

mine that each of the persons above named was not at the present time living, residents of this city and within the jurisdiction of this court. Upon such a state of facts the court was without jurisdiction to make any order for the issuance of a summons in which all of the parties above referred to were not specifically named or appropriately described, and said order and all proceedings subsequently thereto were absolutely void.

There are other grounds of attack upon this judgment raised by the appellant. In view of the conclusion which we have reached, it is unnecessary to consider them.

The judgment appealed from must be reversed, with costs of this appeal, and the proceedings dismissed, with costs.

JENKS, P. J., and RICH and STAPLETON, JJ., concur. CARR, J., not voting.