Grant Rose, Respondent, *v.* Paul E. Heller, Appellant.

First Department, January 16, 1920.

Process — service by publication — moving affidavits insufficient — affidavits stating conclusions unsupported by facts — statute strictly construed — service upon resident of New Jersey.

An order for service of summons upon the defendant by publication or personally without the State in an action to recover damages for false arrest and malicious prosecution should not be granted where the moving affidavits purporting to show the foreign residence of the defendant and the futility of the plaintiff's effort to serve him within the State recite mere conclusions, the non-residence being based upon the fact that the defendant's name appears in the telephone book of the city of Newark, N. J., and the plaintiff merely alleges that he made effort to serve process through various unnamed persons without any statement of facts with reference to the efforts to make service and without producing any affidavits of the persons who tried to make the service from which it might be determined whether or not due diligence had been used.

An allegation that the plaintiff will be unable with due diligence to make personal service of the summons upon the defendant within this State is likewise a mere conclusion when not supported by any facts.

As the statute permitting service of summons by publication or personally without the State is in derogation of the common law it is strictly construed and all its provisions must be duly complied with before jurisdiction is obtained, and as it is a matter of common knowledge that residents of the State of New Jersey come frequently within this jurisdiction the courts exact greater proof as to efforts to effect personal service within the State upon such non-residents than upon non-residents residing in a distant jurisdiction.

Appeal by the defendant, Paul E. Heller, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 27th day of October, 1919, denying defendant's motion to vacate an order entered in said clerk's office on the 12th day of September, 1919, permitting the plaintiff to serve a summons herein upon the defendant by publication, or, in the alternative, upon the defendant personally without the State.

*Kevie Jaffe* of counsel [*November & Jaffe*, attorneys], for the appellant.

*Robert Seelav* of counsel [*Emil E. Fuchs*, attorney], for the respondent.

Merrell, J.:

This appeal is by the defendant from an order denying defendant's motion to vacate an order permitting the plaintiff to serve the summons herein upon the defendant by publication or personally without the State.

The order of publication was granted upon the summons and complaint and the affidavit of the plaintiff. The action, as stated in the complaint, was to recover damages for false arrest and malicious prosecution arising out of a charge of extortion made by the defendant against the plaintiff resulting in the apprehension and indictment of plaintiff in the Court of General Sessions of the Peace of the City and County of New York, followed by his acquittal upon the trial of the indictment.

The question presented upon this appeal is as to the sufficiency of the affidavit upon which the order of publication was granted.

The affidavit of the plaintiff, upon which the order was

based, with reference to the known residence of the defendant and the efforts on plaintiff's part to effect personal service within the State, is as follows:

" That the defendant resides at 242 Elwood Avenue, City of Newark, State of New Jersey, and the name of the defendant duly appears in the telephone records of the New Jersey division of the Bell Telephone Company.

" That since the 8th day of January, 1919, or thereabouts, the plaintiff through various persons has made every effort to serve the process herein and has been unable to do so because of the fact that the defendant rarely, if ever, comes within the jurisdiction of the State of New York, being a resident of the State of New Jersey.

" That plaintiff will be unable with due diligence to make personal service of the summons on said defendant within the State of New York."

No attachment has been issued in the action, and it does not appear that the plaintiff will be able to obtain any judgment in the action which can be satisfied out of the property of the defendant. It is, therefore, doubtful whether the plaintiff would be entitled to any order for the service of the summons by publication or personally without the State. (*Hodgens* v. *Columbia Trust Co.,* 185 App. Div. 555.)

But, aside from the above consideration, I think the affidavit was insufficient to authorize the granting of the order for the service of the summons by publication or personally without the State. It is true the plaintiff, in his affidavit, swears, not on information and belief, but positively, that the defendant resides at 242 Elwood avenue, city of Newark, State of New Jersey. No facts are stated showing any previous relations or personal knowledge on plaintiff's part as to the non-residence of the defendant. The averment in the affidavit that the name of the defendant duly appears in the telephone records of the New Jersey division of the Bell Telephone Company would indicate that such fact, if it be a fact, is the foundation of plaintiff's positive statement that the defendant is a resident of New Jersey. Although it be accepted as a fact that the defendant is a resident of New Jersey, and though that fact sufficiently appeared from the affidavit, still I think the plaintiff has failed to show any

facts from which it may be said that he has exercised due diligence to make personal service of the summons on the defendant within the State of New York. The averment in the affidavit that since the 8th of January, 1919, or thereabouts, the plaintiff, through various persons unnamed, " has made every effort to serve the process herein and has been unable to do so because of the fact that the defendant rarely, if ever, comes within the jurisdiction of the State of New York, being a resident of the State of New Jersey," is but a mere conclusion and states no fact with reference to plaintiff's efforts towards personal service. Had the plaintiff placed the process in the hands of the sheriff of New York county with directions to serve the same upon the defendant and had he produced the affidavit of the sheriff as to his efforts in that behalf and of his failure to find the defendant within the State of New York, or to serve him, there would be some foundation for the statement that the plaintiff had been unable, with diligence, to make such personal service. The conclusion stated by the plaintiff, that he had made every effort to serve the process through various unnamed persons without success is entirely insufficient. If such efforts were made, the plaintiff was called upon to produce the affidavits of the persons themselves who had tried to serve the defendant showing just what the would-be process-servers had done and from which it might be determined whether or not the plaintiff had used due diligence to effect personal service. It is a matter of common knowledge that a large number of people residing in the State of New Jersey occasionally and, indeed, frequently come within this jurisdiction, and, therefore, the courts exact greater proof as to the efforts made to effect personal service of process within the State upon such non-residents than upon non-residents residing in a distant jurisdiction. As was said by Mr. Justice GAYNOR in *Sunswick Land Co.* v. *Murdock* (129 App. Div. 579; affd., 199 N. Y. 517, without opinion): " It seems that in the case of the States bordering on this State, and whose people in general are constantly coming here, many of them being in business or working here, thus making one community with us, as it were, the mere fact of foreign residence might not suffice to enable the conclusion required by the Code to be drawn, viz., ' that the plaintiff has been

or will be unable, with due diligence, to make personal service of the summons.' " (See, also, *Kennedy* v. *Lamb,* 182 N. Y. 228; *Seidenburg* v. *Pesce,* 140 App. Div. 232.)

The allegations of the complaint would, at least, indicate that the defendant himself comes occasionally within the State of New York.

The allegation that the plaintiff will be unable, with due diligence, to make personal service of the summons upon the defendant within the State of New York is likewise a mere conclusion and not proof of any fact. (*McLeod* v. *Moore,* 15 Civ. Proc. Rep. 77.)

The statute (Code Civ. Proc. § 438 *et seq.*) permitting the service of a summons by publication or personally without the State is in derogation of the common law and must be strictly observed and all its provisions duly complied with before jurisdiction is obtained.

By section 439 of the Code of Civil Procedure the order must be founded upon a verified complaint showing a sufficient cause of action against the defendant to be served and proof by affidavit of the additional facts required by the previous section (§ 438). I think the affidavit in this case quite insufficient, as it states no facts showing that with due diligence personal service cannot be made upon the defendant within the State of New York. (*McLaughlin* v. *McCann,* 123 App. Div. 67; *Seidenburg* v. *Pesce,* 140 id. 232.)

The order denying defendant's motion to vacate the order of publication herein should be reversed, with ten dollars costs and disbursements, and the order of publication heretofore granted herein be vacated, with ten dollars costs.

CLARKE, P. J., LAUGHLIN, DOWLING and PAGE, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.