LOUIS J. FRIEDMAN and Others, Copartners, Doing Business under the Firm Name and Style of JOSEPH LOUIS & CO., Respondents, *v*. " GEORGE " PRESCETTI, Said First Name Being Fictitious, and Others, Copartners, Doing Business under the Firm Name and Style of PRESCETTI, RIGOLI, SACERDOTI & Co., Appellants.

First Department, January 13, 1922.

Attachment — warrant vacated where cause of action specified in Code of Civil Procedure, § 635, and non-residence not established — failure to allege evidentiary facts — order for service of summons by publication vacated for failure to establish non-residence and inability to make personal service — affidavits must be in English — warrant must fall where order of publication granted upon insufficient papers.

The requirement that the papers upon which a warrant of attachment is issued shall show that one of the causes of action specified in section 635 of the Code of Civil Procedure exists is not met where, in an action on an alleged written guaranty of payment for goods sold, the said guaranty is not set forth in the complaint or the affidavits, except that an unsigned cable dispatch and a letter in French purporting to be signed by defendants' firm is set forth without allegation that the dispatch and letter were sent by the defendants to the plaintiffs and received by the plaintiffs, and evidentiary facts concerning the sale and delivery of the goods and the demand of payment are not alleged. Also non-residence of the defendants is not sufficiently shown by the bare statement of a conclusion that the defendants are non-residents. Hence, a warrant of attachment issued on the ground of non-residence on papers thus defective should be vacated.

An order for the service of the summons by publication should likewise be vacated where the papers upon which it was granted fail to prove the non-residence of the defendants, but simply state that " the defendant is a foreign banking institution, duly organized and existing as a copartnership under the laws of the Kingdom of Italy, with offices at Milan, Italy, where they conduct a general banking business under the name and style of " Prescetti, Rigoli, Sacerdoti & Co.," and also fail to set forth facts showing that the plaintiffs will be unable after due diligence to make personal service of the summons and complaint upon the defendant, but simply contain the averment of a conclusion to that effect.

Under section 22 of the Code of Civil Procedure affidavits used on applications to the court must be in English.

Even though the warrant of attachment could be sustained, nevertheless, it must fall because the order of publication was granted upon insufficient papers.

APPEAL by the defendants, " George " Prescetti and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 15th day of July, 1921, denying defendants' motion to vacate and set aside a warrant of attachment and an order for the service of the summons by publication granted herein.

*John E. Roeser* of counsel, for the appellants.

*Israel H. Zinooy* of counsel, for the respondents.

MERRELL, J.:

The defendants, appellants, appearing specially for the purpose of the motion only, applied for an order vacating the warrant of attachment and the order for service of the summons by publication heretofore granted herein. The motion to vacate in each case was based upon the insufficiency of the papers to confer upon the court jurisdiction to grant either the warrant or the order for publication of the summons. The motion of the defendants to vacate was denied at Special Term, and they have appealed from the order of the Special Term, continuing their special appearance upon this appeal.

The action is to recover the sum of $15,247.32 for merchandise alleged by the plaintiffs to have been sold to a third party pursuant to an alleged written guaranty of payment made by the defendants herein. Both the warrant of attachment and order of publication were based upon the non-residence of the defendants. The grounds of defendants' motion to vacate the warrant of attachment were: *First,* that the papers upon which such warrant was granted did not show that one of the causes of action specified in section 635 of the Code of Civil Procedure existed in favor of the plaintiffs and against the defendants; and, *second,* that the said papers upon which the warrant of attachment was issued failed to show that the the defendants are non-residents. The specific objections as to the authority for the order of publication were: *First,* that the papers upon which the order was granted failed to show that

the defendants are non-residents; and, *second*, that said papers upon which the order of publication was granted failed to show that the plaintiffs had been or would be unable with due diligence to make personal service of the summons.

Upon the application for the warrant of attachment the plaintiffs presented three affidavits, to one of which was annexed a copy of the summons and complaint which the warrant of attachment was to accompany. One of the affidavits used upon the application for the warrant of attachment was made by Joseph Friedman, one of the plaintiffs. The other two affidavits were made, respectively, by officers of the Italian Discount and Trust Company, a New York banking corporation doing business in the city of New York. The alleged written guaranty is not set forth in the complaint, nor in either affidavit, except that what purports to be a cable dispatch is set forth in an affidavit of a vice-president of the Italian Discount and Trust Company aforesaid, but, so far as the affidavit discloses, it was unsigned by the parties sought to be bound thereby. Incorporated in said affidavit, however, is a letter written in French and purporting to be signed by the defendants' firm. No translation of the letter is given and the unsigned guaranty agreement appearing in said affidavit differs materially from the allegation of the complaint to the effect that the defendants " duly entered into an agreement in writing with the plaintiffs herein, and by which they guaranteed the payment of any bills that Raffaelo Janni might contract with the plaintiffs from said date (*i. e.*, after September 7, 1920) up to Thirteen Thousand Five Hundred Dollars, plus freight and insurance."

The affidavit of said Friedman states that a cause of action exists in favor of the plaintiffs against the defendants " upon a written guaranty executed by said defendants, wherein said defendants guaranteed payment against documents on arrival of goods sold for account of Raffaelo Janni, Genoa, Italy, amounting to the sum of Fifteen thousand two hundred forty-seven and 32/100 Dollars," the said Friedman affidavit further stating that the said guaranty is set forth in full in the affidavit of said vice-president of the Italian Discount and Trust Company. No such agreement is set forth in said affidavit, the only documents appearing therein being what purports

to be a cable message written in English, undated, without signature or the name of the addressee, and a copy of the letter written in the French language, without translation, and without any statement or explanation of its meaning.

The vice-president of the Italian Discount and Trust Company further states in his affidavit that the plaintiffs tendered to his institution said cable and letter " received by the Client, guaranteeing payment of a shipment of merchandise made by the Client to Italy." The affidavits contain no statement whatever that the cable or letter was sent by the defendants to the plaintiffs, or received by the plaintiffs.

The complaint alleges, as due performance of the conditions on the part of the plaintiffs, that after September 7, 1920, pursuant to said guaranty, the plaintiffs duly sold and delivered to said Janni goods at agreed prices amounting altogether, including freight and insurance, to $15,247.32; that plaintiffs duly notified the defendants of the amount of the purchase and the arrival of the goods at Genoa, and duly demanded payment of Janni and the defendants, which was refused. In the affidavits upon which the attachment was procured it is alleged that plaintiffs " duly delivered said goods in accordance with the said agreement of guarantee" mentioned in the affidavit; that they " duly presented the arrival documents " to Janni and the defendants, and have " duly demanded of the defendants above named payment for said goods in accordance with the guarantee," without specifying the date as to either the presentation of documents or the demand for payment. Nor is the date and place of arrival of the goods mentioned. The very fact of the arrival of the goods is not alleged in the affidavits, excepting as this may be inferred from the words: " Have duly presented the arrival documents." What such documents were or when presented does not appear. In short, evidentiary facts showing the existence of one of the causes of action specified in section 635 of the Code of Civil Procedure are entirely wanting.

In the application for the warrant of attachment the only proof as to the defendants' residence is the bare statement that the defendants are copartners and are a banking institution organized under the laws of Italy with offices at Milan, Italy, where they conduct a general banking business under the firm

name and style of Prescetti, Rigoli, Sacerdoti & Co., which name is registered on page 777 of the Bankers Almanac and Year Book under the principal foreign and colonial banks and kindred firms. There is also contained in the affidavit of said Joseph Friedman, the bald assertion that the defendants are non-residents of the State of New York.

The warrant of attachment was granted April 20, 1921. On April 26, 1921, the plaintiffs applied for and obtained an order of publication of the summons. The order of publication granted upon plaintiffs' application recites the verified complaint, the issuance of said warrant of attachment, and that proof having been made by the affidavit of Joseph Friedman, verified April 26, 1921, that the defendant is a banking institution duly organized as a copartnership under the laws of Italy, and that defendants are not residents of this State, but reside in Milan, Italy, and that plaintiffs will be unable with due diligence to make personal service of the summons and complaint, and that a warrant of attachment had been issued and a levy had been made thereunder, and that the defendants were of full age, it was ordered that service of the summons upon the said defendants be made by publication in two newspapers in the city of New York, and that on or before the day of the first publication plaintiffs deposit in the postoffice a set of copies of the summons and complaint herein and of the order of publication, contained in a securely closed postpaid wrapper directed to the said defendants at Milan, Italy.

The said affidavit of Friedman states that " * * * the defendant is a foreign banking institution, duly organized and existing as a copartnership under the laws of the Kingdom of Italy, with offices at Milan, Italy, where they conduct a general banking business under the name and style of Prescetti, Rigoli, Sacerdoti & Co.; " that all of the defendants are of full age, and that " plaintiffs will be unable after due diligence to make personal service of the summons and complaint upon said defendants; " that a warrant of attachment had been issued to the sheriff of New York county and a levy made thereunder on $10,000 in the Guaranty Trust Company belonging to the defendants; that no previous application has been made. That was the only affidavit upon which the

order of publication was asked for and obtained. There is no reference in said affidavit as to the residence or non-residence of the defendants, and no facts are shown to establish the inability of the plaintiffs to serve the said defendants personally within the State of New York.

I think both the warrant of attachment and the order of publication were improperly granted, and that defendants' motion to vacate the same should have been granted. As to the warrant of attachment, the papers upon which application therefor was made fail to show that either of the causes of action mentioned in section 635 of the Code of Civil Procedure existed in favor of the plaintiffs and against the defendants. Neither the complaint nor the affidavits set forth any evidentiary facts showing the existence of such causes of action in plaintiffs' favor against the defendants. The letter in the French language, untranslated, and which purported to contain a copy and to confirm the cablegram sent by the defendants, cannot avail the plaintiffs, as under section 22 of the Code of Civil Procedure the affidavit should have been in the English language. The proof of the non-residence of the defendants was insufficient. The warrant of attachment was granted by reason of such non-residence, and yet it nowhere appears where the defendants reside nor is any fact set forth substantiating the bare statement of the conclusion in Friedman's affidavit, that the defendants are not residents of this State. Friedman does not say that he knows or is acquainted with either of the defendants, nor does he show any fact upon which he bases his conclusion that the defendants are non-residents of the State. (*Hoormann* v. *Climax Cycle Co.,* 9 App. Div. 579; *Cousins* v. *Schlichter,* 135 id. 779.) In the case last cited the court said (at p. 780): " The ground of the attachment was that the defendant was a non-resident. (See Code Civ. Proc. § 636, subd. 2.) The court was required to find as a fact that the defendant was a non-resident before granting the order, but the papers before it disclose nothing upon which to base such a finding except the opinion of one of the plaintiffs and that does not suffice."

Also, I think the order of publication was granted upon insufficient papers. Neither of the jurisdictional facts of non-residence of the defendants nor the inability of the plaintiffs

to make personal service of the summons with due diligence are proven. Section 439 of the Code of Civil Procedure provides for service of the summons by publication, and requires that the order of publication be founded upon a verified complaint showing a sufficient cause of action against the defendant to be served, or upon a verified complaint to recover a sum of money only, and upon proof by affidavit that the warrant of attachment granted in the action has been levied upon property within the State, and proof by affidavit of the non-residence of the defendant to be served, and that the plaintiff has been or will be unable with due diligence to make personal service of the summons. In the affidavit used upon the application for the order of publication herein nothing is said as to the non-residence of the defendants, who, as shown by the summons, are three individuals comprising a copartnership. Nor does the complaint say anything with reference to the non-residence of said defendants and no facts are alleged proving such non-residence. The affidavit does contain the statement that the defendant is a foreign banking institution duly organized and existing under the laws of the Kingdom of Italy with offices at Milan, Italy, where they conduct a general banking business under the name and style of Prescetti, Rigoli, Sacerdoti & Co., but this falls far short of an averment that the defendants are non-residents of the State of New York. It may very well be, so far as the statements of the affidavit upon which the order of publication was obtained are concerned, that all of said defendants are residents of the State of New York, although carrying on a banking business at Milan, Italy. Nor is there any statement of fact in the affidavit showing that the plaintiffs will be unable after due diligence to make personal service of the summons and complaint upon said defendants. There is the bare statement of the affiant's conclusion " that plaintiffs will be unable after due diligence to make personal service of the summons and complaint upon said defendants," but such an averment, unaccompanied by a statement of facts upon which such conclusion is based, has been repeatedly held to be insufficient to show the inability of the plaintiffs to effect personal service of the summons upon the defendants. At most, the statement contained in the affidavit of Friedman was the latter's opinion

that plaintiffs would be unable after due diligence to make such personal service.    In *Seidenburg* v. *Pesce* (140 App. Div. 232) it was held that the mere fact that the defendant was a resident of a distant State was not proof that he could not be found with due diligence in this State.    In the recent case of *Rose* v. *Heller* (190 App. Div. 519) this court held that the statute permitting service of a summons by publication or personally without the State is in derogation of the common law and must be strictly construed and all of its provisions duly complied with before jurisdiction is obtained.    No facts whatever are stated in the affidavit in support of the order of publication, showing that the plaintiffs will be unable after due diligence to make personal service of the summons and complaint upon the defendants within the State of New York. (*Kennedy* v. *Lamb*, 182 N. Y. 228; *Blute* v. *Fellowes*, 143 App. Div. 825; *McLaughlin* v. *McCann*, 123 id. 67; *Rose* v. *Heller*, 190 id. 519; *McCracken* v. *Flanagan*, 127 N. Y. 493.)

Even though the warrant of attachment could be sustained, nevertheless, the warrant must fall because the order of publication herein was granted upon insufficient papers.    Section 638 of the Code of Civil Procedure requires that "Personal service of the summons must be made upon the defendant, against whose property the warrant is granted, within thirty days after the granting thereof; or else, before the expiration of the same time, service of the summons by publication must be commenced."

In *Jones* v. *Fuchs* (106 App. Div. 260) it was said (at p. 262): "The plaintiff, by neglecting to act within the thirty days, permitted the court to lose jurisdiction." (See, also, *Ross* v. *Ingersoll*, 53 App. Div. 86; *Blossom* v. *Estes*, 84 N. Y. 614.)

The order appealed from herein should be reversed, with ten dollars costs and disbursements, and defendants' motion to vacate granted, with ten dollars costs.

CLARKE, P. J., LAUGHLIN, DOWLING and PAGE, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.