McNamara *v.* Canada Steamship Co

---

THOMAS McNAMARA, Respondent, *against* CANADA STEAMSHIP COMPANY (Limited), Appellant.

(Decided December 4th, 1882.)

An appeal from an order denying a motion to set aside the service of a summons is not waived by the service of an answer setting up, as a plea to the jurisdiction, the same facts relied on by the defendant as the grounds of the motion.

APPEAL from an order of this court denying a motion to set aside service of a summons.

The facts are stated in the opinion.

*C. Stewart Davison*, for appellant.

*Thomas Nolan*, for respondent.

VAN HOESEN, J.—The appeal from the order denying the motion to set aside the service of the summons has not been waived. An appeal may be waived where the appellant avails himself of some favor that is granted by the order or judgment appealed from, or where he takes some step that is inconsistent with a denial on his part of the correctness of the order (4 Wait's Practice, 216). An appellant may, in some cases, take the benefit of an order or judgment without losing the right to appeal from it; thus, he may accept money or property awarded to him by a judgment, and still prosecute an appeal from the judgment if it denies to him the full measure of relief to which he conceives himself entitled. His acceptance of the money in such a case is regarded merely as the acceptance of a payment on account (*Higbie* v. *Westlake*, 14 N. Y. 281). If he seeks to set aside or to reverse the judgment *in toto*, his enforcing the judgment would be a waiver of the appeal. But if he prosecutes the appeal merely for the purpose of modifying the judgment so as to increase the amount of his recovery, there is no inconsistency in his collecting what is adjudged to be his due, and in his effort to obtain a larger amount (*Knapp* v. *Brown*, 45 N. Y. 210). So also if the amount of the judgment be paid to him voluntarily, he making no attempt to enforce such payment, his acceptance of the money will not be regarded as a waiver of the right to demand an absolute reversal of the judgment (*Benkard* v. *Babcock*, 2 Robt. 175). This is so, because a right to make a tender for the purpose of saving interest and costs exists notwithstanding that there may have been a judgment against the party making the tender, and it would be inequitable to allow that party to compel his adversary to waive the appeal or else lose the interest that might accrue

on the judgment subsequently to the date of the tender. It is also well settled that proceeding under an order, not to enforce it, but to resist an unfavorable result under it, is not a waiver of an appeal from it (*Barker* v. *White*, 58 N. Y. 204; *Matter of New York Central, &c. R. R. Co.*, 60 N. Y. 112).

In this case, after the court had denied the motion to set aside the service of the summons, the defendant interposed an answer in which the objection to the service of the summons upon a person not in its service is renewed in the form of a plea to the jurisdiction. After a refusal to set aside the summons, two courses were open to the defendant, one to let judgment go by default for want of an answer, and the other to put in an answer. If an answer were interposed, the defendant had the right to plead a want of jurisdiction in the court, and such a plea, if established, is a complete defense (*Wheelock* v. *Lee*, 74 N. Y. 495). To reiterate an objection is certainly not to waive it.

The motion to dismiss the appeal on the ground that it was waived by the putting in of the answer should be denied with costs.

As to the merits of the appeal, it appears from the affidavit of Mr. Nolan that Mr. Seager told him that he was the general agent of the defendant, and there are many circumstances stated in the affidavits that corroborate Mr. Nolan. I have no doubt that Mr. Seager did so state. He now takes a different view of his rights and duties, and thinks that he has no right to call himself the general agent of the defendant. On this state of facts we should not feel called upon to overrule the decision of the Chief Justice in holding that Seager was, as he himself has said, the defendant's general agent. There is, however, another question in the case. A Mr. Ennis was engaged in business with Seager, and it is said that Ennis had an interest only in that part of the business that related to sailing vessels. The summons was handed to Ennis, who took it into the adjoining room, and there gave it to Seager, who retained it, and sent it to the defendant's attorneys. The point is now taken, that even

if Seager were the general agent of the defendant, the summons was not actually served upon him. The case of *Williams* v. *Van Valkenburg* (16 How. Pr. 144), is cited as an authority in point. That case certainly holds that where a summons comes into the hands of the defendant it cannot be considered as served upon him unless the person who delivers it to him was authorized to do so by the plaintiff or his attorney, for the purpose of beginning an action. The cases that are cited in the opinion of the court in *Williams* v. *Van Valkenburg* show that the law in England was formerly different, and that the rule there was that where a defendant kept out of the way, or refused to receive process, or where, by mistake, service was made upon the wrong person, the service upon a third person would be held good if it were made to appear that the summons afterwards came into the actual possession of the defendant. Even at the present day it cannot be considered as settled in England that such a service as was made in this case would be insufficient. In *Rhodes* v. *Innes* (7 Bing. 329), it was held to be equivalent to personal service to leave a copy of a writ with the defendant's son, at the defendant's residence, the writ being enclosed in a letter, which the son promised to deliver to his father. In *Aston* v. *Greathead* (6 Jur. 1000), a copy of the writ was delivered to a clerk of the defendant, with orders to deliver it to his master; the defendant afterwards called, with the writ in his. hand, on the plaintiff's attorneys, and wrote a letter stating that he had received it on a certain day: it was held to be equivalent to personal service. In *Emerson* v. *Brown* (8 Scott N. S. 219) it was held that unless it is distinctly shown that the writ did not come to the knowledge of the defendant, the court would not set aside the service because the writ had not been personally served. We do not feel called to disregard or even to criticise the case of *Williams* v. *Van Valkenburg*, which has not been doubted in the twenty-four years that have elapsed since it was decided, but we think that upon the affidavits a question may arise as to whether or not Ennis was a member of the firm of Seaver Brothers.

The language of the affidavits is very guarded, but my own conclusion would be that Ennis is a member of the firm. If he be, then the service upon him, notwithstanding the disavowals in which the affidavits abound, may have been perfectly good. At any rate, the objection to the service of the summons, and to the jurisdiction of the court, may be taken by answer, and when all the facts are elicited a safe decision may be arrived at. I think it better to affirm the order appealed from with ten dollars costs, which may be offset against the costs that are awarded on denying the motion to dismiss the appeal.

VAN BRUNT and J. F. DALY, JJ., concurred.

Motion to dismiss appeal denied, and order affirmed.