TIMOTHY J. KIELEY, Respondent, *v.* CENTRAL COMPLÈTE COMBUSTION MANUFACTURING COMPANY, Appellant.

ATTACHMENT — SERVICE OF SUMMONS. The service of the summons in the action, required by section 638 of the Code of Civil Procedure to be made personally, or begun by publication, upon a defendant against whose property a warrant of attachment is granted, within thirty days after the granting thereof, in order to sustain the attachment, must be such a regular and formal service as would sustain the entry of a judgment on default.

*Kieley* v. *C. C. C. Mfg. Co.* (13 Misc. Rep. 85), reversed.

(Argued November 25, 1895; decided December 10, 1895.)

APPEAL from order of the General Term of the Court of Common Pleas for the city and county of New York, made June 3, 1895, which affirmed an order of the Special Term denying defendant's motion to vacate an attachment.

The facts, so far as material, are stated in the opinion.

*Melville Egleston* for appellant. The warrant of attachment is void because of the failure to serve the summons as required by law. (Code Civ. Pro. § 638; *Williams* v. *Van Valkenburgh*, 16 How. Pr. 144.) The summons not having been served, nor publication commenced within the time required by law, the jurisdiction of the court ceased and the warrant of attachment was inoperative and void. (*Blossom* v. *Estes*, 84 N. Y. 617; *Taylor* v. *Troncoso*, 76 N. Y. 599; *Mojarrieta* v. *Saenz*, 80 N. Y. 549; *Day* v. *Bach*, 87 N. Y. 56; *Fisher* v. *Langbein*, 103 N. Y. 84; *Cassitt* v. *Winchell*, 39 Hun, 439; *Kelly* v. *Countryman*, 15 Hun, 99; *Betzemann* v. *Brooks*, 31 Hun, 271; *Waffle* v. *Goble*, 53 Barb. 522; *Taddiken* v. *Cantrell*, 4 T. & C. 222; *Ruser* v. *D. Co.*, 7 Misc. Rep. 396.) The attachment cannot be sustained upon the ground that service of the summons has been defeated by the disingenuous artifices of persons in the interest of defendant corporation. (*Mojarrieta* v. *Saenz*, 80 N. Y. 547; *Catlin* v. *Ricketts*, 91 N. Y. 668.)

*Charles J. Hardy* for respondent. It was incumbent upon the defendant, in order to succeed upon its motion, to present

proof satisfactory to the court that it was not served with process herein. (*Southwell* v. *Marryatt*, 1 Abb. Pr. 218 ; *Donadi* v. *N. Y. S. M. Ins. Co.*, 2 E. D. Smith, 519.) Colwell was the agent of the defendant company within the meaning of the statute as to service of process upon a foreign corporation. (*Palmer* v. *P. Co.*, 35 Hun, 369 ; *Tuchband* v. *C. & A. R. R. Co.*, 115 N. Y. 437.) The service as it was made here is entirely sufficient. (*Gibbs* v. *Ins. Co.*, 63 N. Y. 227 ; *Pope* v. *T. H. C. M. Co.*, 87 N. Y. 140 ; *McCulloch* v. *P. N. M. W. Co.*, 29 Civ. Pro. Rep. 386 ; *Barrett* v. *T. Co.*, 31 N. Y. S. R. 465 ; *Hiller* v. *R. R. Co.*, 70 N. Y. 223 ; *Wallis* v. *Lott*, 15 How. Pr. 567.) Under the circumstances disclosed in the affidavits the motion was properly denied. (*P. C. C. Works* v. *Jochen*, 8 Civ. Pro. Rep. 424 ; *Hilton* v. *Thurston*, 1 Abb. Pr. 318 ; *U. P. R. Co.* v. *Novak*, 61 Fed. Rep. 573.) It is the absolute duty of a foreign corporation to take notice of and to appear in any action brought against it by a citizen of this state when it is apprised of the beginning of that action. (*Pope* v. *T. H. C. M. Co.*, 87 N. Y. 140.)

HAIGHT, J. The motion to vacate the attachment was made upon the ground that personal service of the summons had not been made, nor publication ·thereof commenced, within thirty days after the granting of the attachment. The Code of Civil Procedure (§ 638) provides that "personal service of the summons must be made upon the defendant, against whose property the warrant is granted, within thirty days after the granting thereof; or else, before the expiration of the same time, service of the summons by publication must be commenced, or service thereof must be made without the state, pursuant to an order obtained therefor, as prescribed in this act; and if publication has been, or is thereafter commenced, the service must be made complete by the continuance thereof." It is claimed that the service of the summons is sufficient to sustain the attachment, if the defendant had notice in time to resist the claim made against it, even though the service was not such as would sustain the entry of judg-

ment on default; relying upon *Putnam County Chemical Works* v. *Jochen* (8 Civ. Pro. Rep. 424). Ought the provision of the Code to receive such a construction? It will be observed that it states that "*personal* service of the summons must be made," etc. This enactment has already received attention in several cases. In *Blossom* v. *Estes* (84 N. Y. 614) a motion was made to vacate an attachment on the ground that the summons was not personally served, nor publication thereof commenced, within thirty days from the issuing of the warrant. The motion was denied at Special Term, but, upon appeal to the General Term, the order was reversed and the motion granted. That order was affirmed in this court upon the ground that the attachment was rendered void by a failure to serve or publish the summons within the time specified. (See, also, *Taylor* v. *Troncoso,* 76 N. Y. 599; *Mojarrieta* v. *Saenz,* 80 N. Y. 547; *Cossitt* v. *Winchell,* 39 Hun, 439; *Waffle* v. *Goble,* 53 Barb. 517, 522.) It is true that the object of service is to give notice and an opportunity to defend. But it must be made in the manner prescribed in the statute. (*Gibbs* v. *Ins. Co.,* 63 N. Y. 114; *Hiller* v. *R. R. Co.,* 70 N. Y. 223; *Pope* v. *Terre Haute C. Mfg. Co.,* 87 N. Y. 137.) Service of the summons is required by the Code. It can be made personally, by publication or, in some cases, by substituted service in the manner pointed out by the Code. Jurisdiction is only acquired by service in accordance with one of the forms prescribed. The meaning of the language quoted is quite apparent. It is clear and unequivocal. It is used in the formation of a system of practice in connection with other provisions, which are intended to be in harmony with it. We cannot believe that it was contemplated that a form of service was intended to be sufficient to sustain the attachment and not sufficient to support the judgment.

In this case the attachment was levied upon money belonging to the defendant in the hands of one Rutzler, and at the same time the sheriff left with him a copy of the summons and complaint, together with copies of the attachment papers. A few days thereafter he delivered the papers to one Colwell,

the general manager of the defendant. Colwell testified that Rutzler only loaned the papers to him under the promise that he would return them, and before letting him have them marked. each paper with his signature for identification, and that shortly thereafter he returned the papers to Rutzler. This statement is not contradicted, and we must, therefore, take it as true. It appears that Colwell communicated the fact of the levy to the directors of the company and also to its attorney, and that he had some talk with the attorney of the plaintiff about the company's appearing in the action, or that he would let him know when the president of the company was to be in town, so that personal service of the summons could be made. But we discover nothing in his failure to disclose his own character, or in what was said about the appearance or service of the president, that estops the defendant from insisting on its legal rights, or that amounts to fraud, deception or an inducement to the plaintiff to allow the thirty days to run without service. We do not understand him to claim that he was misled, for the attorney distinctly states that the time ran because of the miscalculation of the managing clerk. The case must, therefore, be regarded as narrowed to that of service, and upon that we feel compelled to hold that it was not sufficient. ( *Williams* v. *Van Valkenburg*, 16 How. Pr. 144; *McNamara* v. *Canada Steamship Co.*, 11 Daly, 297, 300; *White* v. *Coulter*, 1 Hun, 357; *Smith* v. *Kerr*, 49 Hun, 29.)

We are aware that this conclusion may result in a loss to the plaintiff, but the fault is not with the law. The conduct of the officers of the defendant may not have been what it should, but this furnishes no reason for dispensing with the safeguards with which the statute surrounds the parties who are brought into court to answer charges made against them, nor justifies us in permitting the well-settled practice to be shaken or departed from.

The orders of the General and Special Terms should be reversed and the motion granted, with costs.

All concur.

Ordered accordingly.