(173 App. Div. 373)

### GOETZ et al. v. SOLMS.

(Supreme Court, Appellate Division, Second Department. June 9, 1916.)

1. PROCESS ⬅96(1)—PUBLICATION—SUFFICIENCY OF AFFIDAVIT.

Under former Code Proc. § 135, providing that, where one on whom service of summons is to be made cannot, after due diligence, be found within the state, and that fact appears by affidavit to the satisfaction of the court, it may grant an order that the service may be made by publication of a summons in certain specified cases, an affidavit reciting that the deponent had made "diligent inquiry" for defendants, the owners of an equity of redemption after a judgment of foreclosure, but had been un-

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

able to find them, and that they resided in Jersey City, N. J., was insufficient, as the nature and extent of the inquiry were not specified, and the court had nothing before it upon which it could be satisfied that "due" diligence had been used, and as the fact that defendants resided in New Jersey was no evidence that they could not "after due diligence" be found within the state.

[Ed. Note.—For other cases, see Process, Cent. Dig. §§ 108–113; Dec. Dig. ☞96(1).]

2. PROCESS ☞167—PUBLICATION—INSUFFICIENCY OF AFFIDAVIT—CURE BY PERSONAL SERVICE.

The fact that personal service of the summons was made upon the defendants in Jersey City, N. J., and that they did not appear in the action, did not cure any insufficiency in the affidavit or the order granting leave for substituted service.

[Ed. Note.—For other cases, see Process, Cent. Dig. § 256; Dec. Dig. ☞167.]

Submission of controversy on an agreed statement of facts by Bridget Goetz and others against George Solms. Judgment awarded for defendant for the repayment of the sum of $370 and interest, that being the amount of the deposit paid on the delivery of the contract, and the further sum of $63.50, being the stipulated expense incurred by the defendant for the examination of title, without costs, as stipulated.

Argued before JENKS, P. J., and THOMAS, CARR, MILLS, and RICH, JJ.

Paris S. Russell, of New York City (John Ingle, Jr., of New York City, on the brief), for plaintiffs.

Clarence S. Wright, of Jamaica, for defendant.

CARR, J. [1, 2] This is a submitted controversy. The plaintiffs are the vendors and the defendant the vendee under a contract for the sale of land. The plaintiffs have tendered a deed, and the defendant has rejected the title as unmarketable. The alleged defect in title arises from a sale under a judgment of foreclosure which forms a link in the plaintiffs' title. In the action in which the judgment of foreclosure and sale was entered, it is contended that the court acquired jurisdiction of the defendant, a Mrs. Brady, the owner of the equity of redemption, by virtue of an order of the Supreme Court, in Queens county, authorizing service by publication. At the time in question, section 135 of the Code of Procedure was in force. That section of the former Code of Procedure provided that:

"Where a person, on whom the service of the summons is to be made, cannot, after due diligence, be found within the state, and that fact appears by affidavit to the satisfaction of the court, or a judge thereof, * * * such court or judge may grant an order that the service be made by the publication of a summons" in certain specified cases.

The only question involved in this controversy is whether the affidavit upon which the order for service by publication was granted was a sufficient compliance with section 135 of the Code of Procedure, as above quoted. The affidavit, so far as now material, recites that:

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The deponent "has made diligent inquiry for said Martha A. Brady, wife of Edwin L. Brady, and Edwin L. Brady, but has been unable to find them within this state; that said defendants, Martha A. Brady, wife of Edwin L. Brady, and Edwin L. Brady, reside in Jersey City, New Jersey."

Personal service of the summons was made upon the defendants in Jersey City, N. J., and they did not appear in the action; but that fact cannot cure any insufficiency in the affidavit or the order granting leave for substituted service. Peck v. Cook, 41 Barb. 549. The deponent in the affidavit in question did not even use the words of the statute, "due diligence." He deposed that he made a "diligent inquiry," but the nature and extent of the inquiry is not specified, and the court had nothing before it upon which it could be satisfied that that *"due"* diligence had been used. It was said in Kennedy v. Lamb, 182 N. Y. 228, 233, 74 N. E. 834, 836 (108 Am. St. Rep. 800), that:

"An affiant who simply repeats the words of a statute merely states his opinion upon the proposition to be proved. Proof requires that facts be stated from which the conclusion sought may be logically drawn."

The fact that Mrs. Brady then resided in Jersey City, N. J., as stated in the affidavit, was no evidence that at that time she "cannot, after due diligence, be found within the state." McLaughlin v. McCann, 123 App. Div. 67, 107 N. Y. Supp. 762. We are of opinion that the affidavit upon which the order of publication rests was insufficient to give the court jurisdiction to make the order.

Judgment should be awarded for the defendant for the repayment of the sum of $370 and interest, being amount of the deposit paid on the delivery of the contract, and the further sum of $63.50, being the stipulated expense incurred by the defendant for the examination of title, without costs, as stipulated. All concur.