WILLIAM B. FAIR, Plaintiff, *v.* JAMES M. KENNY and
A. E. HICKMAN Co., LTD., formerly known as SMITH
COMPANY, LTD., Defendants.

(Supreme Court, New York Special Term, May, 1918.)

Process — provisions for service of, without the state — statutes —
contracts — jurisdiction — attachment — attorneys — meaning    of
" state " — Code Civ. Pro. §§ 439, 443(2), (5) — General Construc-
tion Law, § 47.

Strict observance of a statute which provides for service
of process without the state is absolutely essential to confer
jurisdiction.

Where the complaint in an action against a foreign corpora-
tion for breach of a contract of sale refers to an annexed
exhibit which it is alleged is a copy of a written memorandum
of the sale signed by defendants, the exhibit is a material part
of the complaint, and failure to serve a copy thereof is a fatal
noncompliance with sections 439 and 443(2) of the Code of
Civil Procedure and deprives the court of jurisdiction of the
action; an attachment granted therein is therefore void and
on motion will be vacated.

In view of the provisions of section 47 of the General Con-
struction Law, the word " state " in section 443(5) of the Code
of Civil Procedure, which provides that a summons may be
personally served without the state by an attorney and coun-
selor duly qualified to practice in the state where such service
is made, refers to only one of the states of the United States,
one of the territories of the United States or to the District of
Columbia.

MOTION to vacate a warrant of attachment.

Clarence McMillan, for plaintiff.

Benno Lewinson, for defendants.

GREENBAUM, J.   The defendant A. E. Hickman Com-
pany, Ltd., through its attorney, appears specially for

the purpose of this motion and moves to vacate a warrant of attachment issued against its individual property upon the following grounds: 1. That a complete copy of the complaint and of the order of publication was not served, and 2, that the service was not made by one of the persons designated in section 443 of the Code of Civil Procedure as authorized to make service without the state of New York. The motion is based, among other things, " upon the summons and complaint, the warrant of attachment issued herein and the papers upon which the same was granted, the order of publication of summons, dated February 28, 1918; the affidavit of J. A. Winter, verified March 19, 1918, all on file in the office of the clerk of the court." An inspection of the original summons and complaint upon which the attachment was granted reveals that the complaint in paragraphs third and fifth thereof refers to an annexed Exhibit A, which it is alleged is a copy of " a written memorandum of said sale signed by the defendants," referring to a contract of sale, the breach of which is the subject of this action. The affidavit of the service of the summons and complaint on file, verified March 19, 1918, by one J. A. Winter, a barrister at law of St. John's Newfoundland, shows that a copy of the papers served did not contain a copy of Exhibit A. The answering affidavits do not claim that a copy of Exhibit A was served upon the moving defendant. It also appears that more than thirty days have elapsed since the granting of the warrant of attachment, and hence if the service of the summons and complaint was irremediably defective the attachment is void and must be vacated. Code Civ. Pro. § 638; *Davidoff* v. *Chipornoi*, 101 Misc. Rep. 291. It is well settled that jurisdiction is only acquired by service or publication of the summons within the time specified and in the manner prescribed by the Code. *Kieley* v. *Central C. C.*

*Mfg. Co.,* 147 N. Y. 620. Subdivision 2, section 443, of the Code provides that where publication is ordered personal service of the summons and complaint without the state is equivalent to publication of the summons, and section 439 provides that an order for publication must be founded upon a verified complaint. The question thus arises, Did the failure to serve copy of. Exhibit A deprive the court of jurisdiction of the action? To serve a portion of a complaint is assuredly not a compliance with the statute. Exhibit A was a material part of the complaint, and the omission to serve a copy thereof seems to me a fatal non-compliance with the statute. Strict observance of a statute which provides for service of process without the state is absolutely essential to confer jurisdiction. *Korn* v. *Lipman,* 201 N. Y. 404; *Cohnfield* v. *Bliss,* 174 App. Div. 434; affd., 220 N. Y. 681. The further point that service was not made in accordance with subdivision 5, section 443, of the Code, involves a construction of that section. It is contended by the moving party that the barrister at law who served the summons and complaint does not fall within the provision of the section which limits the persons who may make such service, in that he is not ' an attorney and counselor at law duly qualified to practice in the state where such service is made.'' In other words, it is claimed that Newfoundland, '' being a colony of the Dominion of Canada,'' (sic.) is not a '' state '' within the meaning of the Code, or, stating it differently, that the word '' state '' refers to only one of the states of the United States and also to the territories of the United States and the District of Columbia, in view of the provisions of section 47 of the General Construction Law, which expressly provides that '' The term state, when used generally to include every state of the United States, includes also every territory of the United States and the District of

Columbia.'' If the term '' state '' was intended to include any country or place outside of the United States, then it would seems that there was no reason for expressly providing under section 47 of the General Construction Law that the term '' state '' was to include every territory of the United States and the District of Columbia. We may also take judicial notice that '' attorneys and counselors at law '' are ordinarily not known by that title in countries outside of the United States and that the legislature in providing for service by '' attorneys and counselors at law in any other state '' evidently must have had in mind the United States and its territories, where such a nomenclature commonly prevails. Motion granted, with ten dollars costs.

Motion granted, with costs.