NATHAN PARKER, Respondent, *v.* ROBERT WALLACE & CO. (OF BELFAST), LIMITED, Appellant.

First Department, November 2, 1923.

Attachment — motion to vacate — motion granted where status of defendant not shown, non-residence shown only by affidavit stating conclusions, and existence of damage not shown — affidavit must state more than assertion of approximate damage — attachment and order for publication vacated.

A warrant of attachment and the order for the service of summons by publication should be vacated where neither the affidavit nor the complaint contains any allegation as to the defendant's status as a corporation, partnership or joint

stock company, and where the non-residence of the defendant is shown only by an affidavit stating conclusions alleged to be based upon letters and communications from the defendant, but not accompanied by the letters and not containing any extracts therefrom, and where the existence of damage and the amount thereof are shown only by the assertion of the approximate damage alleged to have been suffered by the plaintiff.

APPEAL by the defendant, Robert Wallace & Co. (of Belfast), Limited, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 16th day of July, 1923, denying its motion to vacate an attachment and an order directing the service of the summons by publication.

*Bond & Babson* [*Walter H. Bond* of counsel], for the appellant.

*Morris Meyers & Samuel Meyers* [*Samuel Meyers* of counsel; *H. E. Kemen* with him on the brief], for the respondent.

McAVOY, J.:

The warrant of attachment granted here and the order of publication based thereon must both be vacated and set aside. The attachment, affidavit and complaint make no proof nor allegation as to the defendant's status as a corporation, partnership, joint stock company or whatever it may be. The knowledge of plaintiff's affiant of non-residence of defendant is said to be based on letters received and communications from defendant which show that defendant is not a resident of the State of New York. This is unaccompanied by any of the letters or even extracts therefrom, and is obviously without any probative force, as such declarations are merely affiant's conclusions from the contents of documents which he failed to exhibit and from which he failed to extract the matters which show non-residence.

Further the proof of damage is insufficiently made out. The theory of damage here is not the usual loss of profit by reason of difference between market and contract price, but the damage arising from loss through failure of plaintiff to complete resales of the goods upon which he would have, he asserts, " approximately sustained damages in the sum of $20 per web," making for the total $30,000. There is nothing here which admeasures damages with sufficient accuracy to allow the seizure of the defendant's property for the sum demanded because affiant's approximation may be near or far from actual loss. While the proof of cause and damage need not be as direct and positive in affidavits for an attachment as is required on the trial, there must be something more than an assertion of " approximate damage " to justify the warrant. There is no showing, either, of endeavor to purchase

in the market after the breach so as to give ground for resort to a resale damage loss.

The warrant must fail for these reasons; and since now an order of publication must have a warrant of attachment as one of its bases, that order must fail too. (*Dimmerling* v. *Andrews*, 236 N. Y. 43.)

The order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

CLARKE, P. J., DOWLING, SMITH and MARTIN, JJ, concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.