Rome Trust Company, Plaintiff, *v.* Henry H. Cummings, Defendant, Impleaded, etc.

Supreme Court, Oneida Special Term, November 4, 1924.

Process — summons — action for sum of money only in which attachment had been granted — motion to vacate order for service of summons by publication, attachment and judgment — affidavit on which order for publication granted insufficient under Civil Practice Act, § 232 — failure properly to state defendant's non-residence and inability of plaintiff to serve defendant within state — failure to prove by affidavit that attachment had been granted and levied upon defendant within state — failure to serve summons without state within thirty days after granting of attachment as required by Civil Practice Act, § 905 — failure of affidavit to establish non-residence renders attachment invalid — motion granted.

In an action for a sum of money only, in which a warrant of attachment had been granted, a motion by the defendant to vacate and set aside an order for the service of the summons by publication and service thereunder, the warrant of attachment and the levy thereunder, and the judgment, should be granted, since the affidavit, upon which the order for publication was made, failed to comply with section 232 of the Civil Practice Act in that it contained a bare allegation concerning defendant's non-residence without stating the source of the affiant's knowledge and failed to recite the facts as to the diligence employed by the plaintiff in its attempt to serve the defendant within the state, and since there was no statement in the affidavit that the warrant of attachment had been granted and levied upon the property of the defendant within the state, although it appears that the warrant had been issued and levy made pursuant thereto.

Moreover, the failure to serve the summons without the state within thirty days after the granting of the warrant of attachment, as provided by section 905 of the Civil Practice Act, also renders the attachment invalid.

The attachment is invalid for the further reason that the application therefor was based upon the same insufficient affidavit as was used on the motion for the order for service by publication.

Motion by defendant Cummings to vacate and set aside an order for service of summons by publication and the service thereunder, warrant of attachment, judgment and all proceedings herein.

*Johnson D. McMahon,* for the plaintiff.

*M. J. Larkin,* for the defendant.

Edgcomb, J. On February 14, 1923, a warrant of attachment was issued against the property of the defendant Cummings, upon the ground that he was a non-resident of the state of New York, and a levy was made upon his interest in certain real property. Three days later an order was granted directing that service of the summons be made by publication, or personally without the

state. On February twenty-seventh the summons was personally served without the state. Mr. Cummings failed to appear, and on April 5, 1923, judgment for $2,591.15 was entered against him in the Oneida county clerk's office.

It is now sought to set aside and vacate the order of publication and service thereunder, the warrant of attachment and the levy thereunder, the judgment and all proceedings herein, upon the ground that the court was without jurisdiction to grant the order of publication of the warrant of attachment.

The statute which permits a summons to be served by publication or personally without the state has modified the general rule that the process of the court must always be served personally within the jurisdiction of the court. The act, being in derogation of the common law, must be strictly construed, and all its provisions must be fully complied with in order to give the court jurisdiction of the person served. *Korn* v. *Lipman*, 201 N. Y. 404; *Rose* v. *Heller*, 190 App. Div. 519; *Cohnfeld* v. *Bliss*, 174 id. 434; affd., 220 N. Y. 681; *Fair* v. *Kenny*, 103 Misc. Rep. 412.

Section 232 of the Civil Practice Act provides that the order for service of a summons by publication must be founded upon proof by affidavit not only that the defendant is a non-resident, but also that the plaintiff has been or will be unable with due diligence to make personal service of the summons upon him without the state.

The sufficiency of the affidavit upon which the order of publication was granted is challenged in two particulars: *First*, that it fails to properly state defendant's non-residence; *second*, that the assertions relative to the inability of the plaintiff to serve the defendant within the state are likewise inadequate. The affidavit states: " That the defendant, Henry H. Cummings, resides out of the State and at Philadelphia, Pa.; that the residence and post-office address of the defendant, Henry H. Cummings, is United States Shipping Board, Philadelphia, Pa.; that said defendant is of full age; that said plaintiff has been unable, after due diligence, to make personal service of the summons upon said defendant, Henry H. Cummings, within the State of New York."

. So far as defendant's residence is concerned it will be noted that there is only a bare statement that the defendant resides out of the state and in Philadelphia. While it is true that the allegation is made positively, and not on information and belief, no fact is stated upon which the affiant bases his conclusion as to defendant's residence, nor does it appear that the deponent knows the defendant or ever had any communication with him. The naked allegation of non-residence, without the source of affiant's knowledge being

disclosed, is not sufficient to give the court jurisdiction to grant the order. *Friedman* v. *Prescetti,* 199 App. Div. 385; *Rose* v. *Heller, supra; Cousins* v. *Schlichter,* 135 App. Div. 779; *Hoormann* v. *Climax Cycle Co.,* 9 id. 579; *Buhl* v. *Ball,* 41 Hun, 61.

The affidavit is likewise insufficient to warrant the granting of the order of publication because it does not show that the defendant could not be served within the state provided that due diligence was used to bring about the result. The bald statement that plaintiff has been unable after due diligence to make personal service within the state is the conclusion of the affiant, and is not sufficient. The court and not the party signing the affidavit is the one to pass upon the diligence employed or to be employed, and determine whether the same be due and proper under the situation revealed. This can only be done by laying the facts before the court. An affidavit in the words of the statute, alleging conclusions and not facts, is vitally defective. *Kennedy* v. *Lamb,* 182 N. Y. 228; *McCracken* v. *Flanagan,* 127 id. 493; *Friedman* v. *Prescetti, supra; Rose* v. *Heller, supra; Goetz* v. *Solms,* 173 App. Div. 373; *Blute* v. *Fellowes,* 143 id. 825; *Seidenburg* v. *Pesce,* 140 id. 232; *McLaughlin* v. *McCann,* 123 id. 67.

The mere fact that the defendant resided in Philadelphia is not sufficient to enable the court to say that he could not be served in New York state, had proper effort been made so to do. *Carleton* v. *Carleton,* 85 N. Y. 313; *Goetz* v. *Solms, supra; Seidenburg* v. *Pesce, supra.*

Nowhere does it appear that the defendant is not a frequent visitor to this commonwealth. Philadelphia is not far from New York, and it is common knowledge that the residents of one city often visit the other on business and pleasure. This is not the case where the defendant resides in a far away state.

The court was without jurisdiction to grant the order of publication for another reason. This action was brought to recover a sum of money only. Under these circumstances before an order for the service of a summons by publication can be granted there must be proof before the court by affidavit that a warrant of attachment has been granted, and has been levied upon the property of the defendant within the state. Civ. Prac. Act, § 232; *Dimmerling* v. *Andrews,* 236 N. Y. 43; *Parker* v. *Wallace & Co.,* 206 App. Div. 465.

The affidavit upon which the order of publication was granted does not mention a warrant of attachment or a levy, and the order itself does not recite the issuing of such a warrant or a levy thereunder.

It now appears from the papers on file in the Oneida county

clerk's office that a warrant of attachment had been issued against the defendant, and a levy had been made pursuant thereto, but such papers cannot be used to sustain the order because there is no proof that they were presented to or considered by the court when the order was made. *People* v. *St. Nicholas Bank*, 44 App. Div. 313, 317.

For the several reasons stated it is apparent that the court was without jurisdiction to grant the order authorizing the service of the summons by publication or personally without the state, and that the order was, therefore, void and of no effect, and should be set aside. It necessarily follows that the service made pursuant to such order and the judgment entered thereon were likewise of no legal force or effect, and must be set aside.

In all cases where a warrant of attachment has been granted before the summons is served, section 905 of the Civil Practice Act requires that service of the summons without the state, pursuant to an order therefor, shall be made within thirty days after the granting of the warrant. Failure to serve the summons as thus provided invalidates the attachment. *Kieley* v. *Central Complete Combustion Mfg. Co.*, 147 N. Y. 620; *Blossom* v. *Estes*, 84 id. 614; *Bakalas* v. *Moscahlades*, 203 App. Div. 554; *Cossitt* v. *Winchell*, 39 Hun, 439; *Fair* v. *Kenny, supra.*

The service of the summons being invalid no service has yet been made, and as more than thirty days have already elapsed since the warrant of attachment was issued, no service of the summons can be made within the required time. Hence, the warrant of attachment, and the levy made thereunder, must fall.

I must find the warrant fatally defective for another reason. To entitle a party to such a remedy he must show by affidavit, among other things, that the defendant is a non-resident of this state. Civ. Prac. Act, § 903. The allegation of residence in the affidavit used by plaintiff on its application for such warrant is similar to the one used by it on its motion for the order to serve the summons by publication. The affiant uses the words of the statute and states that the defendant is not a resident of this state, but of Philadelphia, Pa. A warrant of attachment is not a common-law right. It is a creature of the statute, and before property can be taken prior to judgment pursuant to such a remedy all the requirements of the statute must have been strictly complied with. The affidavit was insufficient to give the court jurisdiction to grant the warrant of attachment for the same reason already discussed and on the same authorities already cited when the sufficiency of the affidavits used on the motion for an order to serve the summons by publication was under consideration. See, also, *James* v.

*Signell,* 60 App. Div. 75; *Martin* v. *Aluminum Plate Co.,* 44 id. 412; *Wallace* v. *Baring,* 21 id. 477; *Tucker* v. *Goodsell Co.,* 14 id. 89; *Lehmaier* v. *Buchner,* Id. 263.

Motion granted. Warrant of attachment and levy thereunder, order for service of summons by publication and service thereunder, and judgment are vacated and set aside, with ten dollars costs.