ELVIRA T. BOISSEVAIN, Appellant, *v.* DANIEL G. BOISSEVAIN, Respondent.

(Submitted October 15, 1929; decided November 19, 1929.)

*Charles J. Nehrbas* for appellant. The complaint states a cause of action for past due alimony. (*Beeck* v. *Beeck,* 211 App. Div. 720; *Miller* v. *Miller,* 219 App. Div. 61; 246 N. Y. 636; *Clapp* v. *Clapp,* 221 App. Div. 754.) The plaintiff is entitled to the remedies provided by sections 1171 and 1172 of the Civil Practice Act. (*Van Deventer* v. *Mortimer,* 56 Misc. Rep. 650; *Foster* v. *Stevens,* 63 Vt. 175; *Lynde* v. *Lynde,* 162 N. Y. 405; *Moore* v. *Moore,* 208 N Y. 97; *Tiedemann* v. *Tiedemann,* 172 App. Div. 819; *Gould* v. *Gould,* 235 N. Y. 14; *Johnson* v. *Compagnie Generale Transatlantique,* 242 N. Y. 381; *Wemple* v. *Wemple,* 219 App. Div. 241.)

*Ralph Stout* for respondent. Except so far as jurisdiction is expressly conferred by statute, the courts of this State may not enforce, by way of specific equitable relief, a judgment for alimony rendered in another State or country. (*Lynde* v. *Lynde,* 162 N. Y. 405; 181 U. S. 183; *Wood* v. *Wood,* 7 Misc. Rep. 579.) Sections 1171 and 1172 of the Civil Practice Act have no application to a judgment of divorce obtained in a foreign country. (*Lynde* v. *Lynde,* 162 N. Y. 405; 181 U. S. 183; *Bullock* v. *Bullock,* 52 N. J. Eq. 56; *Moore* v. *Moore,* 143 App. Div. 428; 208 N. Y. 97; *Tiedemann* v. *Tiedemann,* 172 App. Div. 819; *Hilton* v. *Guyot,* 159 U. S. 113; *Gould* v. *Gould,* 235 N. Y. 14; *Hubbard* v. *Hubbard,* 228 N. Y. 81; *Polhemus* v. *Fitchburg R. R. Co.,* 123 N. Y. 502; *Matter of N. Y., W. & B. R. R. Co.,* 193 N. Y. 72; *Astor* v. *Mayor,* 62 N. Y. 567.) Plaintiff's action is brought in equity; and the motion to dismiss the amended complaint having been made before answer, the court below properly granted the motion, upon determining that the amended complaint does not state facts sufficient to constitute a cause

of action in equity. (*Moore* v. *Moore*, 143 App. Div. 428; *Standard Film Co.* v. *Alexander Film Co.*, 214 App. Div. 701; *Low* v. *Swartwout*, 171 App. Div. 725; *Gosselin Corp.* v. *Tapparelli*, 191 App. Div. 580; 229 N. Y. 596; *Page* v. *St. Lawrence Condensed Milk Corp.*, 213 App. Div. 336; *Danks* v. *Gordon*, 119 Misc. Rep. 571.)

O'BRIEN, J. These parties were married in New York. Plaintiff, the wife, obtained in Holland, where the husband was domiciled, a judgment for absolute divorce on the ground of adultery. Personal service had been made upon him and he had appeared by attorney. Alimony, payable in equal quarterly installments, was awarded. Then, in this State, the wife sued upon the Dutch judgment and obtained one here for a sum representing the arrears of alimony up to and including February 14, 1926. Only a small part of it has been paid. The complaint in the present action alleges the foregoing facts and for relief demands the amount payable under the foreign judgment between February 14, 1926, and the date of the entry of judgment in this action. It also demands equitable relief by way of a direction to defendant to make future payments in accordance with that judgment as well as its enforcement in the same manner as one rendered by the courts of this State. At Special Term the motion to dismiss the complaint upon the ground that it does not state facts sufficient to constitute a cause of action was denied. The order of denial was reversed by the Appellate Division and the complaint dismissed but without prejudice to the institution of an action at law.

The relief demanded in the complaint cannot be accorded. While the Dutch judgment is entitled to recognition in this State (*Gould* v. *Gould*, 235 N. Y. 14), the prayer for relief is, in one instance, too vague and, in the other instance, too broad.

It is too vague because it does not demand any specific

sum of money, but merely the amounts payable under the foreign judgment between February 14, 1926, and the date of the entry of judgment in this action. As the Appellate Division decided, recovery may be had in an action at law only for the specific amount due at the time of the commencement of the action. The appropriate remedy upon the facts alleged is, therefore, different from that asked for in the pleading. Accordingly, pursuant to the provisions of section 111 of the Civil Practice Act, this court is empowered, instead of affirming the dismissal of the complaint, to remit the case to Special Term in order that the relief may be finally granted which is appropriate to the facts.

The second relief demanded is too broad because the complaint seeks enforcement of the foreign judgment by a form of equitable relief which is inappropriate to the facts as pleaded. This is a type of foreign judgment for which no provision is made for enforcement in the same manner as a judgment for the payment of alimony rendered by courts of this State. Sections 1171 and 1172 of the Civil Practice Act control the remedies in cases of judgments obtained in other States for absolute divorce on the ground of adultery. (*Moore* v. *Moore*, 208 N. Y. 97.) Those remedies are applicable only to such judgments as have been obtained in one of the States of this Union. The statute, as interpreted by the Appellate Division and now by us, does not include judgments which are truly foreign. The expression " another state " in sections 1171 and 1172 is not used in its generic sense. Of course, in its broadest meaning, a State includes any independent political sovereignty, but the Legislature, using the expression " this state " coupled with the words " another state " in both these sections, must be deemed to have intended to distinguish only between the State of New York and any other member of the American Union. If this restricted meaning had not been contemplated, the statute doubtless would have included

182

language such as "a foreign country" or "any other jurisdiction" or words of similar import.

The complaint, therefore, fails to state a cause of action for equitable relief. With an amendment, however, limiting the arrears to the date of the commencement of this action, recovery may be had for such specific amount. The judgment should be·modified by reversing so much thereof as dismissed the complaint and the case remitted to the Special Term for appropriate relief, and as so modified affirmed, without costs.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG and HUBBS, JJ., concur.

Judgment accordingly.