WALTER EWANSKI and Another, Respondents, v. THE SOLVAY PROCESS COMPANY, Appellant.

Fourth Department, January 8, 1930.

H. *Duane Bruce*, for the appellant.

*Clifford H. Searl*, for the respondents.

EDGCOMB, J. This is an action at law brought to recover damages which plaintiffs claim to have sustained by reason of the alleged deposit upon their land by the defendant of certain noxious and deleter ous matter.

Appellant operates an extensive plant in the village of Solvay, near Syracuse, and manufactures soda and alkali products, in the course of which it uses large quantities of limestone, which it burns to common or active lime. The waste material, consisting of a mixture of calcium carbonate and calcium chloride, is run off in liquid form through pipes running from the plant to waste beds owned by the defendant on the shore of Onondaga lake.

There is evidence which, if believed, would warrant the jury in finding that, during the years 1926 and 1927, the defendant permitted some of this refuse to run into Nine Mile creek, which stream, in times of high water, overflowed its banks, carrying this waste material, along with the waters of the creek, across plaintiffs' land, leaving, after the water receded, a disagreeable, oily, greasy, slippery and noisome substance, which remained on the land during the summer, and interfered with plaintiffs' use of the property. If defendant was responsible for such a condition, there can be no doubt that it would be accountable to the plaintiffs for all resulting damage.

While a case was presented for the jury, we think that an error in the charge of the learned trial court necessitates a reversal of the judgment which has been entered in plaintiffs' favor.

There was no permanent injury to the freehold on account of any act of the defendant. The measure of plaintiffs' damage, therefore, was the difference between the rental or the usable value of the property subject to and free from the effects of the nuisance.

(*Woolsey* v. *N. Y. E. R. R. Co.*, 134 N. Y. 323, 327; *Rumsey* v. *N. Y. & N. E. R. R. Co.*, 133 id. 79; *Tallman* v. *M. E. R. R. Co.*, 121 id. 119.)

There is no claim that any of this refuse was deposited on plaintiffs' land prior to the spring of 1926. This action was begun by the service of the summons upon the defendant on April 23, 1927. It was brought on for trial in May, 1928. Plaintiffs used their property as a picnic ground or resort. Their season began on Decoration Day, and continued until Labor Day. Any diminution in the rental or usable value of their property, therefore, did not commence until May thirtieth. There is no evidence that the flooding of plaintiffs' lands in 1927 occurred prior to the date when the action was commenced. The learned court below permitted respondents to give evidence of loss of rental value during the entire season of 1927, and instructed the jury, if they found for the plaintiffs, to award damages for both years. Defendant duly excepted. We think that this ruling constituted reversible error.

A separate and complete cause of action arose in favor of the plaintiffs each time that the defendant discharged its waste material upon their land. (*Meruk* v. *City of New York*, 223 N. Y. 271, 276; *Uline* v. *N. Y. C. & H. R. R. R. Co.*, 101 id. 98; *Duryea* v. *Mayor*, 26 Hun, 120.)

In an action at law a recovery may only be had for the amount due at the time of the commencement of the action, or the damage which has accrued up to that date. (*Boissevain* v. *Boissevain*, 252 N. Y. 178, 181; *Dietzel* v. *City of New York*, 218 id. 270; *Barrick* v. *Schifferdecker*, 123 id. 52; *Uline* v. *N. Y. C. & H. R. R. R. Co.*, *supra; Duryea* v. *Mayor, supra.*)

The fact that the complaint was not served until late in the summer of 1927 does not alter the situation. The action was commenced by the service of the summons and not of the complaint.

In the *Duryea Case* (*supra*) plaintiff sued to recover the damages which he claimed to have sustained by reason of the discharge of water and sewage upon his lands by the city of New York. The action was commenced in October, 1869. Upon the trial the court refused to limit plaintiff's recovery to the damages which had accrued up to that date, and permitted all the losses which the plaintiff had sustained down to the year 1871 to be included in the verdict. Held, error.

In view of the decision already reached, it becomes unnecessary to discuss the other exceptions urged by appellant as a ground for reversal. We might add, however, that while there is a clear distinction between usable value and rental value, the two terms

seem to have been used indiscriminately upon the trial and we are inclined to think that the appellant was not injured by the fact that the learned trial judge referred in his charge to the loss of usable value as the measure of plaintiffs' damage, while the evidence related solely to loss of rental value. The distinction between the two terms was not made clear to the jury, and they undoubtedly understood the expressions to mean one and the same thing.

For the reason above stated, we think that the judgment should be reversed.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB and CROSBY, JJ.

Judgment and order reversed on the law and a new trial granted, with costs to the appellant to abide the event.