In the Matter of the Claim of ARTHUR KERN, Respondent, against PREMIER COAL SAVING DEVICE CORPORATION and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Motion for reargument denied. Motion for leave to appeal to the Court of Appeals denied. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.

In the Matter of the Application of JAMES W. KERWIN, by PATRICK KERWIN, His Guardian ad Litem, for the Examination of WILLIAM S. BRADY.— Motion for leave to appeal to the Court of Appeals denied, with twenty-five dollars costs. Motion for stay denied. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. FREEBORN & Co., INC., Relator, v. MARK GRAVES and Others, as and Constituting the State Tax Commission of the State of New York, Respondents.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.

CLINTON WARD PADDOCK, Respondent; v. HOHNEKER DAIRY, INC., Appellant.— The action is for breach of contract. The plaintiff's claim is that in August, 1933, he made a contract with defendant whereby defendant agreed to take the milk plaintiff produced for a period of one year and also agreed to pay plaintiff for transporting the same to defendant's milk station. Plaintiff made delivery to defendant for a number of months when defendant declined to accept additional deliveries on the ground that the milk which plaintiff delivered was not pure and wholesome. Defendant also asserted that the contract for the sale and delivery of milk was void under the Statute of Frauds because not to be performed within one year. It also alleged as defenses an accord and satisfaction and payment in full. The jury rendered a verdict in plaintiff's favor. It contains an item of $150 damages for defendant's refusal to accept the milk delivered between July 18 and August 12, 1933. The action was commenced on August second. Recovery in this action at law for damages suffered thereafter may not be had. (Boissevain v. Boissevain, 252 N. Y. 178; Dietzel v. City of New York, 218 id. 270; Barrick v. Schifferdecker, 123 id. 52; Ewanski v. Solvay Process Co., 227 App. Div. 597.) The proof as to damages for the period after July eighteenth is speculative and but a vague estimate. The judgment should be reduced by that amount. Judgment and order reversed on the law and facts, and new trial granted, with costs to the appellant to abide the event, unless the plaintiff stipulates to reduce the judgment by $150, in which event the judgment is so modified and as modified the judgment and the order are affirmed, without costs. Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ., concur.