

# THE ATTORNEY GENERAL
# OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

February 19, 1968

Honorable Clay Cotten
Commissioner of Insurance
State Board of Insurance
1110 San Jacinto Street
Austin, Texas 78701

Opinion No. M-202

Re:  Interpretation of the
word "State" as used
in Articles 4769 and
7064, Vernon's Civil
Statutes, as applied
to investment of the
highest percentage
of admitted assets of
foreign companies li-
censed in Texas, when
computing the gross
premiums tax on in-
surance companies.

Dear Mr. Cotten:

You have requested this office to interpret the word
"State" as used in Articles 4769 and 7064, Vernon's Civil
Statutes, as applied to investment of the highest percentages
of admitted assets of foreign companies licensed in Texas,
when computing the gross premiums tax on insurance companies.
The above statutes allow tax reductions to insurance companies
meeting specified conditions pertaining to the ratio that
their investment in Texas securities bears to their invest-
ment in similar securities in the State in which they have
the highest percentage of their admitted assets invested.

The pertinent language, which is used repeatedly in both
of the above statutes, is:

". . . the amount that it had invested in
similar securities in the State in which it then
had the highest percentage of its admitted as-
sets invested . . ."

Attorney General's Opinion No. V-422 (1947) mentions
the possibility of a tax reduction under Article 4769, V.C.S.,
for a Mexican insurance company, but the opinion does not

decide the question now in issue. In one Texas case the court held that the word "state," as used in a federal statute relating to prohibition of common carriers' exemption from liability, did not include foreign nations. Houston E. & W.T. Ry. v. Inman, Akers and Inman, 134 S.W. 275 (Tex. Civ. App. 1911, no writ). At page 277, the court stated:

> "The word 'state,' as used in the Constitution of the United States, has been uniformly construed to mean a constituent member or part of the federal Union having an independent local governmental organization . . ."

In Eidman v. Martinez, 184 U.S. 578, 22 S. Ct. 515, 46 L. Ed. 697 (1902), the United States Supreme Court stated at page 591:

> "It need only be added that while the words 'State or Territory' are used in treaties, and perhaps also in some acts of Congress regulating our international relations as including foreign States, they are used in the Constitution and in ordinary acts of Congress as applying only to States or Territories of the United States."

In construing a state statute governing service of process, the Supreme Court of New York County held that the word "state" did not include a foreign nation. Fair v. Kenny, 171 N.Y.S. 694, 695, 103 Misc. 412 (1918). At page 696 the court stated:

> ". . . the Legislature, in providing for service by 'attorneys and counselors at law in any other state,' evidently must have had in mind the United States and its territories, where such a nomenclature commonly prevails."

The following pertinent quotation is taken from 81 C.J.S. 856-857, States § 1:

> "While the word 'state' has various meanings, as used in the federal Constitution, it has a definite, fixed, certain legal or technical meaning, which excludes the signification attached to it by writers on the law of nations. The term

'state,' in American Governmental parlance, is used as designating a member of the Union, in contradistinction to the United States as a nation, and it ordinarily has such meaning where used in the Constitution, in the acts of Congress, and in the statutes of the several states."

In creating Articles 4769 and 7064, V.C.S., the Texas Legislature could have easily included foreign nations in the tax reduction provisions if it had so intended. There is no persuasive indication in either statute that the Legislature contemplated giving a tax reduction to an insurance company having the highest percentage of its admitted assets invested in any foreign nation or subdivision thereof. It is our opinion that the Legislature did not intend to give a reduction in gross premiums tax to any insurance company which does not have the highest percentage of its admitted assets invested within one of the states of the United States.

We conclude that the word "State" in Articles 4769 and 7064, V.C.S., as used in the provisions governing reduction in gross premiums tax, refers only to a state which is a part of the United States. Therefore, an insurance company having the highest percentage of its admitted assets invested in a foreign nation does not meet the conditions necessary to qualify for any reduction in gross premiums tax under the above statutes.

## S U M M A R Y

The word "State" as used in Articles 4769 and 7064, V.C.S., as applied to investments of the highest percentages of admitted assets of foreign companies, licensed in Texas, when computing the gross premiums tax on insurance companies, refers only to a state which is a part of the United States.

Very truly yours,

CRAWFORD MARTIN
Attorney General of Texas

Prepared by C. Fielding Early
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
W. V. Geppert
Ralph Rash
Pat Cain
John Grace

A. J. Carubbi, Jr.
Executive Assistant