In the Matter of the Claim of GEORGE E. KUNZ, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.

Third Department, October 22, 1968.

*William G. Coleman* for appellant.

*Louis J. Lefkowitz, Attorney-General* (*Samuel A. Hirshowitz Samuel Stern* and *Irving Jorrisch* of counsel), for respondent.

GIBSON, P. J. Appeal is taken by claimant from a decision of the Unemployment Insurance Appeal Board which held him ineligible for benefits on the ground that he did not file a valid original claim, the basis of that conclusion being that he did not have sufficient earnings in covered employment in his base period, after exclusion of his wages for services performed in France. The case is one of first impression.

Claimant was hired by the employer in 1961 as a project liaison engineer, assigned to the employer's branch in Paris for the duration of the project. The employment continued for 41 months, at the end of which time the project was terminated.

During most of the period claimant's work was in France but he returned to the United States on three occasions for conferences at the company's office at Wheatfield, New York. His work was directed from that office, to which he made weekly or biweekly reports and from which he was paid weekly, by check sent him by mail. Claimant was a resident of California when he was hired and upon the termination of the employment returned there and applied for benefits. Thereupon the employer submitted a report upon an official form showing claimant's earnings for the base period June 10, 1963 to June 7, 1964 as $15,918 and stating that the employer was '' subject to the N. Y. State Unemployment Insurance Law during the entire period indicated and for all the earnings [so] reported ''.

The applicable statutory provisions appear in subdivisions 1, 2 and 3 of section 511 of the Unemployment Insurance Law (Labor Law, art. 18). The board rested its decision on its terse conclusion that: '' Any services which [claimant] performed in New York State were incidental to his employment in France. Claimant therefore did not perform services within the meaning of Section 511 of the Law within the State.'' In support of this conclusion, the board cited *Matter of Boyle (Catherwood)* (15 A D 2d 699), in which a Connecticut salesman's isolated work contacts with New York were held to be, at best, no more than '' incidental '' to his Connecticut employment and therefore not within subdivision 2 of section 511. That subdivision includes within the act's coverage service performed '' both within and without this state if the service is localized in this state '', service within and without the State being localized here if '' that performed without the state is incidental to the person's service within the state ''. *Boyle (supra)*, therefore, relates only to problems interstate and not to employment as between a State of the United States and a foreign country. The distinction seems to us critical and, indeed, decisive of the case.

The Industrial Commissioner's brief, however, argues that '' France is a ' State ' within the meaning of the localization provision of the Unemployment Insurance Law ''. He cites no authority for this contention beyond a decision of the Superior Court of California (not officially reported)*, which we find unpersuasive. He does refer to the '' generic meaning '' of the word '' State ''; but, when construing a statute as explicit as the Unemployment Insurance Law, we perceive no sound basis for discarding the usual sense of the word, as generally employed in New York Law. '' The term state, when used generally to

* *Douglas Aircraft Co.* v. *Appeals Bd.* (CCH, Unemployment Ins. Rep., Cal., par. 8006 [1961]).

include every state of the United States, includes also every territory of the United States and the District of Columbia.'' (General Construction Law, § 47; and, see, *Boissevain* v. *Boissevain,* 224 App. Div. 576, 579, mod. on other grounds 252 N. Y. 178, finding '' no intimation * * * that, even in the case of a broad use of the word ' State,' it should embrace territory alien and foreign ''; and *Fair* v. *Kenny,* 103 Misc. 412, holding that the term '' State '', as used in the Code of Civil Procedure, did not include a Canadian province.)

This is not to say, however, that service without the State but in a foreign country is arbitrarily excluded from calculation of benefits; and respondent submits no basis for his suggestion or conjecture that claimant may be eligible for unemployment insurance benefits under the laws of France. The general definition of '' employment '' by our statute is not, in terms, limited to that within the United States (Labor Law, § 511, subd. 1); as is the definition under the Federal act, which, in contrast, and significantly perhaps, defines '' employment '' as service performed '' within the United States '' and, under certain conditions, upon an American vessel or aircraft (Internal Revenue Code of 1954 [U. S. Code, tit. 26, § 3306, subd. (c)]). To the extent that respondent's argument is based on a 1942 agreement between the United States and Canada, adopting the '' localization '' of employment definition to eliminate double coverage of employees working in both countries, it cuts the other way as, under respondent's construction of section 511, such an agreement would be unnecessary, except with respect to Federal employees. The exclusory provisions respecting New York coverage are not international in scope but, consistently with a recognized policy to prevent double coverage, are applicable as between States; the New York definition of employment is a uniform definition adopted by most of the States to provide a basis of coverage which will keep individuals who work in more than one State from falling between two or more State laws, and prevent duplicate taxation of the services of one individual; and the definition of employment is supposed to provide coverage of the entire services of a multi-State employee in one State only, the State where he will most likely look for work when he becomes unemployed. (See 1B CCH, Unemployment Ins. Rep., par. 1334 [1967].)

It becomes necessary to apply '' in succession '' to the services of employees thus involved '' a number of tests — localization, location of base of operations, source of direction or control, and finally residence of the employee (§ 511, subds. 2, 3).'' (*Matter of Mallia* [*Corsi*], 299 N. Y. 232, 239.)

It is evident, then, that subdivision 2 of section 511 is inapplicable and that the claim is governed by subdivision 3, which in pertinent part provides.: " 3. Work within and without the state. The term ' employment ' includes a person's entire service performed both within and without this state provided it is not localized in any state but some of the service is performed in this state, and (a) the person's base of operations is in this state; or (b) if there is no base of operations in any state in which some part of the service is performed, the place from which such service is directed or controlled is in this state; or (c) if the base of operations or place from which such service is directed or controlled is not in any state in which some part of the service is performed, the person's residence is in this state." Indisputably, the place from which claimant's service in France was both " directed " and " controlled ", within the meaning of paragraph (b), was the employer's New York office.

The decision should be reversed, with costs to appellant, and the case remitted for further proceedings not inconsistent with this opinion.

HERLIHY, REYNOLDS, STALEY, JR., and GABRIELLI, JJ., concur.

Decision reversed, with costs to appellant, and case remitted for further proceedings not inconsistent with the opinion herein.