Hon. James P. Melton Commissioner Department of Motor Vehicles
This is in response to your letter wherein you requested my opinion as to whether the State of New York could lawfully enter into the Non-Resident Violator's Compact with a Canadian Province. You state that the State of New York has already entered into this compact with several states, but question the constitutionality of the State of New York entering into the same agreement with a Canadian Province.
The first issue is whether it is constitutionally permissible for the State of New York to enter into the Non-Resident Violator Compact with a Canadian Province. The Constitution of the United States imposes certain limitations and restrictions on the powers of the states relative to their interaction with other states and foreign powers. Subdivision 1 of Article I, section 10, expressly prohibits the states from entering into any treaty, alliance or confederation. A further restriction on the powers of the states is found in subdivision 3 of said Article (referred to as the "Compact Clause"), which provides, in pertinent part:
 "* * * No State shall, without the Consent of Congress, * * * enter into any Agreement or Compact with another State, or with a foreign Power * * *." (U.S. Const., Art. I, § 10, subd. 3.)
The Non-Resident Violator Compact is not a treaty, alliance or confederation and therefore would not be prohibited under subdivision 1 by definition. Furthermore, it is my opinion that the Non-Resident Violator Compact is not the type of agreement or compact requiring the consent of Congress, even if made with a Canadian Province.
The prohibitions of Article I, section 10, are directed against a combination "tending to the increase of political power in the states, which may encroach upon or interfere with the just supremacy of the United States." (Virginia v. Tennessee, 148 U.S. 503, 519.) The Compact Clause is not directed against agreements which do not in any way weaken the general authority of the Congress (New Hampshire v. Maine,426 U.S. 363). Reciprocal agreements, similar in nature to the Non-Resident Violator Compact, have been universally held not to be agreements or compacts falling within the purview of Article I, section 10 requiring the consent of Congress. This includes interstate compacts (see, Bode v. Barrett, 344 U.S. 583 [non-resident motor vehicle tax exemption]; Landes v. Landes, 1 N.Y.2d 358; Ivey v. Ayers, 301 S.W.2d 790
[Mo.] [Uniform Support of Dependents Law]), as well as a compact between a state and a Province of Canada (Blouin v. Dembitz, U.S. Dist. Ct., S.D.N.Y., 367 F. Supp. 415, affd. 489 F.2d 488 [Uniform Support of Dependents Law]). Once the Courts found that the reciprocal arrangements between the states did not violate the Compact Clause, they also found no constitutional prohibition for reciprocal agreements between a state and a Canadian Province (Blouin v. Dembitz, supra).
I now turn to the second issue of whether the State of New York could lawfully enter into the Non-Resident Violator Compact with a Canadian Province under the present New York laws. This Compact was executed as authorized by section 517 of the Vehicle and Traffic Law, as amended.
Section 517 provides, in pertinent part:
 "a. The commissioner may execute a reciprocal compact or agreement not inconsistent with the provisions of this chapter with the motor vehicle administrator or other authorized official of another state concerning the appearance of a person licensed in one state to answer a summons or an appearance ticket for a moving traffic violation issued by the other state. * * *" (Emphasis supplied.)
This section provides no definition for term "state". General Construction Law, § 47, defines the meaning of the term "state" to include every territory of the United States and the District of Columbia in addition to every state of the United States. This section contains no intimations that even in the case of broad use of the word "state", it should embrace foreign territories (Boissevain v. Boissevain,224 App. Div. 576, mod. on other grds. 252 N.Y. 178).
The New York courts have consistently held that a "state" does not include a foreign country or a province of a foreign country in situations analogous to this. See Mtr. of Kunz (Caterwood), 30 A.D.2d 459,460-461 (3d Dept., 1968) (holding France not a "state" under the Unemployment Insurance Law in "the usual sense of the word, as generally employed in New York Law"); and Scott v. Dickerson, 169 Misc. 1047 (Sup. Ct., Kings Co., 1938) and Fair v. Kenny, 103 Misc. 412 (Sup.Ct., N.Y. Co., 1918) (holding Canada and Newfoundland not "states" for service of process by "an attorney . . . . duly qualified to practice in the state where such service is made").
To clarify the meaning of this term, some sections of the Vehicle and Traffic Law do include the provinces of Canada within their definitions of the word "state" (Vehicle and Traffic Law, §§ 311 and 338); others, however, have omitted references to Canada or her Provinces (section 384 and 516 of the Vehicle and Traffic Law). Section516 of the Vehicle and Traffic Law contains the Driver License Compact, a reciprocity agreement which is similar in nature to the Non-Resident Violator Compact which was authorized by section 517. Although section 517 has been amended (L. 1975, ch. 155, § 1; L. 1975, ch. 277, § 1), it is in substantially the same form as the original which was enacted together with section 516. Section 516 is one of the sections which did not include Canadian Provinces in its definition of the term "state" (Vehicle and Traffic Law, Art. II, § 516, subd. [a]). Applying the rule of in pari materia (McKinney's Statutes, § 221), to the foregoing, it is apparent that the Legislature never intended section 517 to authorize an agreement with a Canadian Province and the statutes should be construed to exclude Provinces of Canada from such agreements.
From all of the foregoing, it is my opinion that although the United States Constitution would not proscribe the State of New York from entering into the Non-Resident Violator Compact with a Canadian Province, section 517 of the Vehicle and Traffic Law, in its present form, would not authorize such agreement.