FAAS v. ARMSTRONG et al.

(Supreme Court, Appellate Division, Second Department. December 30, 1915.)

1. PLEADING ⊂⇒345—MOTION FOR JUDGMENT—INSUFFICIENT DENIAL.

Where $2,000 in amount of a mortgage for $2,500 was assigned to plaintiff and thereafter the remainder was assigned to defendant, and in an action to foreclose the mortgage, plaintiff failed to allege the intent of the assignee to make his portion a prior lien, but merely alleged that defendant claimed some lien on the mortgaged premises inferior to plain-

tiff's, which allegation was not denied in the answer, a motion by plaintiff for judgment on the pleadings, was improperly sustained, since the pleadings showed no facts creating a priority.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1055–1059; Dec. Dig. ☜345.]

2. PLEADING ☜350—MOTION FOR JUDGMENT—HEARING—SCOPE.

Where plaintiff, in an action to foreclose a mortgage, included in his motion papers for judgment on the pleadings an assignment of the mortgage, it could not be considered; matters dehors the pleadings themselves not being properly admissible.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1053, 1054, 1070–1077; Dec. Dig. ☜350.]

Appeal from Special Term, Westchester County.

Action by Charles Thorne Faas against John H. Armstrong and others. From an order for judgment on the pleadings for plaintiff, defendant Eugene L. Parodi, trustee in bankruptcy, appeals. Reversed, and motion denied.

Argued before JENKS, P. J., and THOMAS, CARR, MILLS, and RICH, JJ.

David W. Kahn, of New York City, for appellant.
Isaac Reiss, of New York City, for respondent.

CARR, J. [1] This is an action to foreclose a mortgage held by the plaintiff by virtue of various assignments originating from the original mortgagee. The mortgage was for $2,500. It came into one Martha Stutchbury. She assigned an interest of $2,000 in the bond and mortgage to one Schulze, who in turn assigned the same interest to the plaintiff. Martha Stutchbury assigned likewise to the Halley Land & Improvement Company an interest in the same bond and mortgage, to the extent of $500. This latter corporation became merged with "Annex Homes Company of New York City, Inc.," which latter corporation became insolvent and is now represented in this action by the defendant and appellant, Parodi, as receiver. The theory of the plaintiff is that its interest of $2,000 in the bond and mortgage is prior in right to that of the insolvent corporation. The complaint sets forth specifically both assignments from Stutchbury, but contains no allegation as to an intent or purpose to make priorities between the assignees of interest in the same bond and mortgage. Its fifteenth allegation is that the Halley Land & Improvement Company has or claims—

"to have some interest or lien upon said mortgaged premises, or some part thereof, which interest or lien, if any, has accrued subsequent to the lien of said mortgage and is subsequent and subordinate thereto."

[2] There is no specific denial in the answer of this fifteenth allegation. The defendant Parodi claims all the interest in the mortgage which the Halley Land Company got through the assignment from Stutchbury, and asks that the judgment make provision for paying him the $500 on an equal plane with the plaintiff. I think the fifteenth allegation of the complaint is not sufficient to cut off the

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

defendant Parodi, in view of the earlier allegations. It is worded awkwardly, and might well appear to refer to some other interest or claim or lien which Parodi may have, exclusive of the $500 interest in the bond and mortgage which is being foreclosed. In any event, it was not proper, on a motion of this character, to receive evidence of matters dehors the pleadings themselves. The plaintiff made a part of its motion papers the assignment from Stutchbury to Schulze. In deciding the motion, the learned court at Special Term evidently considered this instrument, and construed its legal effect.

The order should be reversed, and $10 costs and disbursements, and the motion denied, with $10 costs. All concur.