JAMES A. BEHA, Superintendent of Insurance of the State of New York, as Liquidator of the NATIONAL AUTOMOBILE MUTUAL CASUALTY COMPANY, Plaintiff, *v.* WILLIAM L. WEINSTOCK, Defendant.

Supreme Court, Albany County, April, 1927.

Insurance — automobile liability insurance — policy provided pursuant to Insurance Law, § 346, that no insured " shall be assessed   *   *   * unless he be notified " of assessment " within one year " after expiration of policy — insurer in process of liquidation under Insurance Law, § 63 — assessment levied by Superintendent of Insurance — failure to serve assessment notice within one year after expiration of policy warrants dismissal of complaint in action to recover assessment — judgment on pleadings granted under Rules of Civil Practice, rule 112 — fact that Rules of Civil Practice, rule 106, was not invoked does not waive objection as to insufficiency of complaint.

The complaint in this action to recover the amount of an assessment under a liability policy issued by an automobile casualty insurance company, which is in process of liquidation under section 63 of the Insurance Law, must be dismissed, where, though the policy contains a provision as provided by section 346 of the Insurance Law, that no insured " shall be assessed   *   *   * unless he be notified " of assessment " within one year " after the expiration of the policy, which in this instance expired April 17, 1923, the complaint does not recite when service of a notice under the policy was made; the fact that the complaint recites that the report of the liquidator on which the assessment was predicated was not filed until June 5, 1924, which obviously is more than one year after the expiration of defendant's policy, and the further fact that there is nothing to show that defendant was served with a notice under the policy warrants a dismissal of the complaint.

Plaintiff's contention that section 346 of the Insurance Law applies only to assessments levied by the corporation, and not to an assessment levied by the

liquidator, for the purpose of closing the affairs of an insolvent corporation, and that the procedure, under section 63 of the Insurance Law, governs assessments made in liquidation, is not sustained.

Defendant is entitled to judgment on the pleadings under Rules of Civil Practice, rule 112, for under that rule the motion may be made after issue is joined and before trial and defendant's failure to move under Rules of Civil Practice, rule 106, does not waive the objection that the complaint is insufficient.

MOTION by defendant for judgment on the pleadings.

*Clarence C. Fowler,* for the plaintiff.

*Myron Sulzberger,* for the defendant.

STALEY, J. Defendant moves for judgment on the pleadings under rule 112 of the Rules of Civil Practice and the issue is reduced to a determination of the sufficiency of the complaint.

The action is brought to recover the amount of an assessment under a liability policy issued by the National Automobile Mutual Casualty Company of which the plaintiff has become the liquidator.

The complaint alleges that said company on or about the 17th day of April, 1922, duly issued and delivered to the defendant its policy contract of insurance No. 40122, to which contract reference is made in the complaint; that the cash premium for said policy was the sum of $103.19 which defendant paid; that the term of said policy was one year from April 17, 1922; that under the terms of such policy contract the defendant became liable to assessment in addition to the premium paid for the purpose of paying the losses and expenses of said company at an amount equal to twice the amount of said premium; that by order of June 28, 1923, the Superintendent of Insurance became vested with title to the property, contracts and rights of said company and empowered to liquidate the business and affairs of said company pursuant to section 63 of the Insurance Law;* that on June 5, 1924, a report and petition of the Superintendent of Insurance was filed in the office of the clerk of the county of New York, wherein and whereby the Superintendent of Insurance levied an assessment against the members and policyholders of said company in a sum equal to 200 per cent of the amount of the cash premium written in their respective contracts, which report was approved and confirmed by order of this court on June 24, 1925, and of which report and application thereon the defendant herein had notice; that by said report the defendant herein was assessed the sum of $206.38 and plaintiff seeks judgment in this action for the sum of said assessment.

The policy issued to the defendant and referred to in the complaint provides that "no member shall be assessed or assessable

---

* Added by Laws of 1909, chap. 300, as amd.— [REP.

except on account of losses and expenses incurred while he was a member, nor unless he be notified of such assessment within one year after the expiration of his policy."

The defendant herein, according to the allegations of the complaint, became a policyholder on April 17, 1922. His policy was written for one year and expired on April 17, 1923; his liability for assessment under the policy must, according to its terms, be preserved and continued only by the receipt of a notice of such assessment within one year subsequent to April 17, 1923. There is no allegation in the complaint of the service of any notice of assessment upon the defendant. The complaint alleges that the report of the liquidator for levying the assessment was not filed until June 5, 1924, and that notice of its presentation and application for confirmation was not given until on or about that date. It follows as a matter of reason, that no notice of an assessment could be given to the defendant until the assessment was as matter of fact levied. The above provision quoted from the policy contract is one in accordance with the law regulating mutual automobile casualty insurance corporations.

Section 346 of the Insurance Law (added by Laws of 1916, chap. 13, as amd. by Laws of 1922, chap. 417, and Laws of 1923, chap. 811), which relates to corporations of that character, provided at the time that the policy was written and still provides that " Every member shall be liable to pay and shall pay his proportionate part of any assessment which may be laid by the corporation in accordance with law and his contract, covering any deficiency, (excess of liabilities over admitted assets) *if he is notified of such assessment within one year after the expiration or cancellation of his policy.*"

The liability of the defendant for an assessment is, therefore, expressly limited by law, as well as by the contract, and if language means what it says, there is no liability upon a policyholder unless notified of an assessment within one year after the expiration of his policy.

A motion for judgment on the pleadings may be made after issue is joined and before trial, under rule 112 of the Rules of Civil Practice, on the ground that the complaint does not state facts sufficient to constitute a cause of action, and a failure to move under rule 106 of the Rules of Civil Practice does not waive the objection that the complaint is insufficient. (*Klippel* v. *Weil*, 204 App. Div. 323.)

A motion for judgment on the pleadings cannot be aided by affidavits or testimony and must be determined by the pleading alone and the practice of interposing affidavits for or against the

pleading is not sanctioned. (*Partenfelder* v. *People,* 157 App. Div. 462, 466; affd., 211 N. Y. 355; *Faas* v. *Armstrong,* 170 App. Div. 596.)

The affidavit of Pinckney Estes Glantzberg submitted by plaintiff presents the contention that section 346 of the Insurance Law applies only to assessments levied by the corporation and not to an assessment levied by the liquidator for the purpose of closing the affairs of an insolvent corporation, and that the procedure under section 63 of the Insurance Law governs assessments made in liquidation.

In the first instance, we must look to the contract, independent of the provisions of law, to determine the basis of liability, and in addition, I find nothing in section 63 which extends the liability of a policyholder under the contract where the company is taken over for liquidation by the Superintendent of Insurance, nor do I find that the right of the liquidator is made greater than the corporation in asserting such liability.

The failure to serve the notice of assessment within the year required by the policy contract and by the statute is fatal to the right of the plaintiff to maintain this action, and the complaint herein fails to state facts sufficient to constitute a cause of action.

An amendment of the complaint under the circumstances of this action would be a futile procedure as an essential fact for plaintiff's cause of action not available could not be alleged thereby.

Order may be entered granting the motion of defendant and directing judgment for defendant against plaintiff upon the pleadings, with costs.