JAMES A. BEHA, Superintendent of Insurance of the State of New York, as Liquidator of the NATIONAL AUTOMOBILE MUTUAL CASUALTY COMPANY, Plaintiff, v. JAMES GALE, Defendant.

Supreme Court, Albany County, June 28, 1927.

Pleadings — complaint — amendment of course — plaintiff, under Civil Practice Act, § 244, cannot serve amended complaint of course more than twenty days after service of notice of motion to dismiss — insurance — mutual automobile casualty insurance company — liability of members for assessment — action by Superintendent of Insurance — policies were canceled July 21, 1922 — Superintendent took possession June 28, 1923 — certain provisions of policies violated statute — action not barred by Insurance Law, § 346, as amended by Laws of 1922, chap. 417 — plaintiff permitted to amend complaint.

A complaint cannot be amended of course, under section 244 of the Civil Practice Act, more than twenty days after the service of a notice of motion to dismiss the complaint.

This is an action by the State Superintendent of Insurance, as liquidator of a mutual automobile casualty insurance company, to recover an assessment on a member. The defendant's policies were canceled July 21, 1922, and the Superintendent of Insurance took possession of the company on June 28, 1923. The defense based on the provision of the by-laws of the insurance company to the effect that a member shall not be assessed " except on account of losses and expenses incurred while he was a member, nor unless he be notified of such assessment within one year after the expiration of his policy," is not valid, since said provision in the by-laws violates section 346 of the Insurance Law, and is, therefore, *ultra vires* and void.

This action to enforce the contingent liability of the defendant upon his policies of insurance, was not barred by the provisions of section 346 of the Insurance Law, as amended by chapter 417 of the Laws of 1922.

The contention that the amendment to the complaint sought by the plaintiff would be of no avail, in that the action is barred by the statute, is not sustained, and the plaintiff is given permission to amend the complaint on terms.

MOTION for an order to compel defendant's attorney to accept service of amended complaint.

*Clarence C. Fowler,* for the plaintiff.

*Ferdinand I. Haber,* for the defendant.

NICHOLS, J. The original complaint was served January 4, 1927. The defendant's time to answer was extended to February 7, 1927, and on that date defendant moved for an order dismissing the complaint on the ground that the two separate causes of action set forth in the complaint did not state facts sufficient to constitute a cause of action. This motion was heard by me February 26, 1927, and on March fourth I signed an order denying the motion. The defendant appealed from this order to the Appellate Division where the order was affirmed and the defendant given leave to answer. (220 App. Div. 791.) The defendant served an answer June 3, 1927. On June 8, 1927, the plaintiff served an amended complaint which was returned by the defendant on June ninth, and on June tenth this motion was made.

By section 244 of the Civil Practice Act it is provided as follows: " § 244. Amendments of course. Within twenty days after a pleading, or the answer or reply thereto is served, or at any time before the period for answering it expires, or within twenty days after the service of a notice of a motion addressed to the pleading, the pleading may be once amended by the party, of course, without costs and without prejudice to the proceedings already had. * * * "

This motion having been made, addressed to the pleadings under this section, the plaintiff did not have a right to serve an amended complaint as of course; except within twenty days after the service of the notice of motion addressed to the pleadings, plaintiff's time would have expired February 27, 1927, to amend as of course.

The plaintiff should be allowed to serve an amended pleading unless the contention of the defendant that such an amendment, if permitted, would amount to nothing is correct. This contention is based on the decision in the case of *Beha* v. *Weinstock* (129 Misc. 337). While that decision is entitled to great weight, I do not regard it as controlling on me. The defendant had two policies of insurance issued by the National Automobile Mutual Casualty Company; one issued October 7, 1921, for a period of one year and the other issued November 1, 1921, for a period of one year. Both these policies were canceled July 21, 1922. The policies were issued by a mutual automobile casualty insurance company organized under article 10-B of the Insurance Law. June 28, 1923, an order was duly made pursuant to section 63 of the Insurance Law for the liquidation of said company and appointing the Super-

intendent of Insurance as liquidator thereof. At the time of the making of the contract, section 346 of the Insurance Law (added by Laws of 1916, chap. 13) provided as follows:

" § 346. Assessments. The corporation shall in its by-laws and policies fix the contingent mutual liability of the members for the payment of losses and expenses not provided for by its cash funds; but such contingent liability of a member shall not be less than an amount equal to twice the amount of, and in addition to, the cash premium written in the policy. If the corporation is not possessed of cash funds ·above its unearned premium sufficient for the payment of the incurred losses and expenses, it shall make an assessment for the amount needed to pay such losses and expenses upon the members liable to assessment therefor, in proportion to their several liability. Every member shall be liable to pay and shall pay his proportionate part of any assessment which may be laid by the corporation in accordance with law and his contract, on account of losses and expenses incurred while he was a member, if he is notified of such assessment within one year after the expiration of his policy."

April 1, 1922, this section was amended by chapter 417 of the Laws of 1922, which amendment, so far as it affects this case, reads as follows: " * * * Every member shall be liable to pay and shall pay his proportionate part of any assessment which may be laid by the corporation in accordance with law and his contract, covering any deficiency (excess of liabilities over admitted assets) if he is notified of such assessment within one year after the expiration or cancellation of his policy. * * * "

The only change as far as this case is concerned was the statement therein in parenthesis " (excess of liabilities over admitted assets) " which showed that the assessment therein referred to was the one provided for by section 344 of the Insurance Law (added by Laws of 1916, chap. 13) which read as follows:

" § 344. Reserves; suspension; cancellation and reinstatement of certificates; expenses. Such corporation shall be required to maintain the same reserves for the protection of policy holders and others who may have a right of action directly against such corporation, as are required to be maintained by stock insurance corporations in relation to the same class of insurance. The superintendent of insurance may suspend or cancel the certificate issued by him, authorizing such corporation to transact such insurance business, at any time when the assets of such corporation are insufficient to insure and secure the payment of its policy and other obligations; and he may reinstate or renew said certificate whenever by assessment or otherwise said assets have been increased to a sum sufficient

to insure and secure the payment of the policy and other obligations of such corporation. * * * "

Section 346 expressly provides for the fixing of the contingent liability of the members and the payment of losses and expenses not provided for by its cash funds; but such contingent liability of a member shall not be less than the amount equal to twice the amount of, in addition to the cash premium written in the policy. The defendant, in its answer served, sets up that the contract of insurance was subject to article 6, section 3, of the by-laws of the said insurance company, as follows: "But no member shall be assessed or assessable except on account of losses and expenses incurred while he was a member, nor unless he be notified of such assessment within one year after the expiration of his policy." And setting out further in paragraph 7 of the answer, the provision in clause L in said policy as follows: " That the liability of said assured to assessment shall be as stated in Article VI, Section 3 of said By Laws."

Each of said conditions contained in said policy was in violation of the provisions of section 346 of the Insurance Law above quoted with regard to the contingent liability of the members and was, therefore, *ultra vires* and of no force. The only provisions of said policy which were enforcible were the provisions relative to an assessment levied by said corporation pursuant to section 346 of the Insurance Law; and this is clearly shown by the amendment to section 346 of the Insurance Law adopted in 1922, to the effect that said assessment was to cover any deficiency " (excess of liabilities over admitted assets)," and does not refer in any way to the action of the liquidator pursuant to section 63 of the Insurance Law, subdivision 3 (as amd. by Laws of 1918, chap. 119), which reads as follows:

" 3. If, on a like application and order to show cause, and after a full hearing, the court or the justice of the Supreme Court before whom such order is returnable shall order the liquidation of the business of such corporation, such liquidation shall be made by and under the direction of such superintendent, and his successors in office, who may deal with the property and business of such corporation in their own names as such superintendents, or in the name of the corporation, as the court or the justice of the Supreme Court before whom such order is returnable may direct, and shall be vested by operation of law with title to all of the property, contracts and rights of action of such corporation as of the date of the order so directing them to liquidate."

The statute relative to the levying of an assessment of the corporation which was in force at the time the contract was

Supreme Court, July, 1927. [Vol. 129

executed, so far as such assessment was concerned, was a kind of statute of limitations and its amendment by chapter 417 of the Laws of 1922, without any reservation affecting preceding contracts, applied to the instant case. Section 24 of an article on Statutes and Statutory Construction (McKinney's Consol. Laws, book I) reads in part as follows: " Inasmuch as a statute of limitations takes away the remedy only and does not impair the obligation, it applies to contracts made before as well as to those made after its passage, unless it contains some provisions saving prior obligations. * * * "

It, therefore, follows that the action by the liquidator to enforce the contingent liability of the defendant upon its policy or policies of insurance was not barred by the provisions of section 346 of the Insurance Law. And plaintiff having served an amended complaint, although his construction of the statute as to his right to amend as of course was erroneous, should, nevertheless, be permitted to amend on terms. The defendant has not been deprived of the benefit of a term of court. I, therefore, direct that plaintiff be permitted to serve his proposed amended complaint on the payment of ten dollars costs.